DEPENDENTS OF H. T. PHIFER, EMPLOYEE, DECEASED, v. FOREMOST
    DAIRY, INC., EMPLOYER, AND INDEMNITY INSURANCE COMPANY
    OF NORTH AMERICA, CARRIER.

(Filed 19 December, 1930.)

**1. Master and Servant F b—Evidence that injury arose out of and in
the course of employment held sufficient.**

Where the employee of a dairy company uses his own automobile in the
employer's ·service, the gasoline furnished by the employer under an
agreement that the employee was thus to be transported to and from his
work, evidence that the employee received an injury while going to his
work in the automobile according to the agreement is sufficient to sustain
a finding of the Industrial Commission that the injury arose out of and in
the course of the employment under the provisions ·of the Workmen's
Compensation Act. ·

**2. Same—An injury received in going to work where transportation is
a part of the contract of employment is one in course of employ-
ment.**

The words "out of and in the course of employment" as used in the
Workmen's Compensation Act refer to injuries which follow as a natural
incident of the work within the employee's duties and which may reason-
ably be contemplated as a result of the exposure occasioned by the
nature of the employment, and extends to such as may arise while the
employee is going to and from his work by being transported under the
circumstances as a part of the employment contract. ·

APPEAL by defendants from *Harwood, Special Judge,* at October
Special Term, 1930, of MECKLENBURG. Affirmed.

This is an appeal from a judgment of the Superior Court affirming
an award to the dependents of the deceased employee, by the North
Carolina Industrial Commission.

H. T. Phifer had been in the service of Foremost Dairy, Inc., as route
foreman for several years. His home was about three miles from the
plant. He collected the company's accounts, sometimes delivered milk,
and was subject to call at any time after 3 a.m., as a substitute for any
regular driver who failed to report for duty. Prior to 1 January, 1930,
he owned a car; but the employer maintained it and furnished gasoline
and oil for its operation. Between 1 January and his death the em-
ployee used a truck which had been provided by the employer for use in
the performance of the employee's duties and in his going to and from
his home to the company's plant.

It was admitted that the employee left his home, which was south-
west of the city of Charlotte, about 6:30 a.m., 9 February, 1930, driv-
ing the company's truck, and that as he entered the intersection of West
Morehead Street and Mint Street the truck was struck by an automobile
and he was killed.

3—200

The defendants denied that the relation of employer and employee existed at the time of the injury; denied, also, that if such relation existed, the injury arose out of and in course of the employment.

*J. Lawrence Jones* for appellants.
*Taliaferro & Clarkson* for appellees.

ADAMS, J.   The appellants admit that the employee was killed while in the service of Foremost Dairy, Incorporated, and from the evidence adduced the Industrial Commission found as a fact that the deceased sustained fatal injury as the result of an accident that arose out of and in the course of his employment while being transported in a conveyance furnished by the employer as a part of the contract of employment. As the finding that the conveyance was furnished as a part of the contract is supported by the evidence, it is "conclusive and binding." Workmen's Compensation Law, sec. 60.   The decisive question is whether the employee's death resulted from injury by accident arising in the course of and out of the employment. ·

In *Harden v. Furniture Co.,* 199 N. C., 733, we said that while the phrase "in the course of" refers to time, place, and circumstance, the words "out of" refer to injuries which follow as a natural incident of the work and which may reasonably be contemplated as a result of the exposure occasioned by the nature of the employment, and that if an employee has sustained an injury which might have been contemplated by a reasonable person as incidental to the service when he entered the employment, the injury may be said to have arisen out of the employment; and in *Wilkie v. Stancil,* 196 N. C., 794, we held that an employee, who owned a car which he used regularly in going to and from the place where he worked, was not, while going there, engaged in the furtherance of his employer's business.

The latter decision is grounded in the principle that the relation of master and servant is usually suspended when the servant, at the end of his day's work, leaves the place of his actual employment and is resumed when the servant puts himself in a position where he can again do the work at the place where it is to be performed.   *Rourke's case,* 129 N. E. (Mass.), 603.   So it is held as a general rule that an injury suffered by an employee while going to or coming from the employer's premises where the work is carried on does not arise out of his employment so as to entitle him to compensation.   *Podgorski v. Kerwin,* 175 N. W. (Minn.), 694; *Nesbitt v. Twin City Forge and Foundry Co.,* 177 N. W. (Minn.), 131.

To this rule there are exceptions.   While there is diversity of opinion on the question, the weight of authority sustains the conclusion that if

an employer furnishes transportation for his employee as an incident of the employment, or as a part of the contract of employment, an injury suffered by the employee while going to or returning from the place of employment in the vehicle furnished by the employer and under his control arises out of and in the course of the employment. *Fisher v. Tidewater Bldg. Co.,* 116 At., 924; *Harrison v. Central Con. Corporation,* 108 At. (Md.), 874; *Scalia v. American Sumatra Tobacco Co.,* 105 At. (Conn.), 346; *Swanson v. Latham,* 101 At. (Conn.), 492; *Donovan's case,* 104 N. E. (Mass.), 431; *American Coal Mining Co. v. Crenshaw,* 133 N. E. (Ind.), 394; *Dominguez v. Pendola,* 188 Pac. (Cal.), 1025; *Littler v. George A. Fuller Co.,* 119 N. E., 554; 62 A. L. R., 1438, annotation.

It is said in *Donovan's case, supra:* "There have been several decisions in England as to when and how far an employee can be said to have been in the employ of his master, while traveling to and from his work in a vehicle or means of conveyance provided by the latter, and how far injuries received in such a conveyance can be said to have arisen out of and in the course of the employment. Many of these decisions have been cited and discussed by Professor Bohlen in 25 Harvard Law Review, 401 *et seq.* From his discussion and the cases referred to by him, and from the later decisions of the English courts, the rule has been established, as we consider in accordance with sound reason, that the employer's liability in such cases depends upon whether the conveyance has been provided by him, after the real beginning of the employment, in compliance with one of the implied or express terms of the contract of employment, for the mere use of the employees, and is one which the employees are required, or as a matter of right are permitted, to use by virtue of that contract. . . . The finding of the Industrial Accident Board that Donovan's transportation was 'incidental to his employment' fairly means, in the connection in which it was used, that it was one of the incidents of his employment, that it was an accessory, collateral or subsidiary part of his contract of employment, something added to the principal part of that contract as a minor, but none the less a real, feature or detail of the contract. Whatever has been uniformly done in the execution of such a contract by both of the parties to it well may be regarded as having been adopted by them as one of its terms. Especially is this so where none of the provisions of the contract have been shown by either party, but everything is left to be inferred from their conduct. That was the reasoning of this Court in such cases as *Gilshannon v. Stony Brook R. R.,* 10 Cush., 228, 231; *McGuirk v. Shattuck,* 160 Mass., 45, 47, 35 N. E., 110, 39 Am. St. Rep., 454; *Boyle v. Columbian Fire Proofing Co.,* 182 Mass., 93, 98, 64 N. E., 726; *Kilduff v. Boston Elev. Ry.,* 195 Mass., 307, 81 N. E., 191, 9

L. R. A. (N. S.), 873; and *Feneff v. Boston & Maine R. R.,* 196 Mass., 575, 577, 82 N. E., 705. Accordingly we are of opinion that the Industrial Accident Board had the right to draw the inference that Donovan's injury arose out of and in consequence of his employment."

In *Harrison v. Central Con. Corporation, supra,* the Court remarked: "When the injury occurs before the beginning or after the termination of work there are two general rules applicable to the question as to whether it arose out of and in the course of the employment. The first is that an employee while on his way to work is not in the course of his employment. The second is that where the workman is employed to work at a certain place, and as a part of his contract of employment there is an agreement that his employer shall furnish him free transportation to or from his work, the period of service continues during the time of transportation, and if an injury occurs during the course of transportation it is held to have arisen out of and in the course of the employment."

Also in *American Coal Mining Co. v. Crenshaw, supra:* "From the foregoing authorities the general rule seems to be that where the conveyance for the employees has been provided by the employer, after the real beginning of the employment, whether such conveyance be his own or is one used for his benefit by virtue of a contract with another, the same being in compliance with one of the implied or express terms of the contract of employment, for the mere use of the employees, and is one which the employees are required, or as a matter of right are permitted, to use by virtue of their contract of employment, the employer is liable."

A similar conclusion was reached in *Campagna v. Ziskind,* 135 At. (Pa.), 124: "So also when, to secure a service and as a part of the consideration, it is agreed that transportation shall be supplied to or from the place of work, the right to compensation is fixed by the beginning of the journey to such point, or the ending of it upon return."

The fact that the deceased was the driver of the truck does not modify the principle. The vehicle was furnished by the employer as a "real feature" of the contract and "may be regarded as having been adopted by the parties as one of its terms," the period of service continuing during the time of transportation. As pointed out in *Rachels v. Pepoon,* 135 At., 684, while the employee's actual work began at a designated place, yet to go there was an act within and necessary to his service.

Some of the earlier English cases have been modified or overruled by later English decisions; but doubt has been expressed whether any American court will adopt the present English view, because of the large number of American decisions. Annotation, 162 A. L. R., 1446.

Judgment

Affirmed.