GEORGE W. BRAY, CLAIMANT, v. W. H. WEATHERLY AND COMPANY, EMPLOYER, AND LIBERTY MUTUAL INSURANCE COMPANY, INSURER.

(Filed 14 September, 1932.)

**1. Master and Servant F b—Ordinarily, injury to employee while going to or returning from work does not arise in course of employment.**

As a general rule an injury suffered by an employee while going to or returning from his work does not arise out of and in the course of his employment, and where in a hearing under the Workmen's Compensation Act the admitted facts are that the employee was employed solely as a truck driver, and that he went to his employer's residence each morning to get the truck he was employed to drive in order to take it to his employer's store, and that he was injured in an accident occurring while on his way from his home to the employer's residence for the truck: *Held*, the injury was not from an accident arising out of and in the course of his employment, and compensation was properly denied by the Industrial Commission, and the fact that the employee passed the store on his way from his home to the employer's residence is immaterial, his duties at the store not commencing until he had returned there with the truck. N. C. Code, 1931, sec. 8081(i), subsec. (f).

**2. Master and Servant A b—Relation of master and servant is usually suspended when servant leaves place of employment.**

The relation of employer and employee is usually suspended when the employee leaves the place of his actual employment and is resumed when he puts himself in a position when he can again do the work at the place where it is to be performed.

APPEAL by plaintiff from *Daniels, J.,* at March Term, 1932, of PASQUOTANK. Affirmed.

This is a proceeding begun before the North Carolina Industrial Commission and heard on appeal to the Superior Court from an order of the full Commission made on 21 September, 1931, affirming an order of T. A. Wilson, commissioner, denying compensation.

The plaintiff was a truck driver in the employ of W. H. Weatherly and Company, who were engaged in the wholesale grocery business in Elizabeth City. His home was on East Cypress Street in the northern part of the city, and the truck was kept at night in a garage at Weatherly's residence on Riverside Avenue, in the southern part of the city. The store is on Water Street, between these two places, and in going to the garage the plaintiff usually passed the store. It was his custom to ride to the garage on his bicycle; to "report at Mr. Weatherly's," that is, "just to go and get the truck"; to drive it to the store about 7 o'clock in the morning and at the close of the day's work to take it back to the garage, going home on the bicycle, which meanwhile had been left at Weatherly's. He testified: "I report at Mr. Weatherly's

every morning and get the truck and then go back to the store. The truck is kept at the residence. I suppose it is nearly a mile from the store."

In the early morning of 25 March, 1931, the plaintiff started from home to the garage on his bicycle. He had passed the store without stopping there, but had not arrived at the garage, when an automobile coming from an intersecting street struck the bicycle and injured the plaintiff, who was thereby disabled for two weeks. He could have gone to the garage without passing the store. He brought this proceeding for compensation under the Workmen's Compensation Act against the employer and the Liberty Mutual Insurance Company, carrier, and compensation was denied. On appeal to the Superior Court the judgment of the full Commission was affirmed. The plaintiff then appealed to the Supreme Court.

*Thompson & Wilson for plaintiff.*
*Smith & Joyner and John H. Anderson, Jr., for defendants.*

ADAMS, J. The statement of facts is derived from the admission of the parties and the testimony of the plaintiff, the only witness examined at the hearing. The determinative facts are therefore admitted. The plaintiff was employed to drive a truck. His services in this capacity indicated his sole relation to the business of his employer. His "reporting" at Weatherly's garage he explained to be the mere act of going there and getting the truck. He stored his bicycle at the garage and drove the truck to the store; when the day's work was done he returned the truck to the garage and rode home on his two-wheeled vehicle. The fact that he passed the store in the morning is insignificant; his service imposed no duty there until he had arrived with the truck. In fact, two equally accessible ways were open to him in going from his home to the garage.

As used in the Workmen's Compensation Act "injury and personal injury" mean injury by accident arising out of and in the course of the employment. Code, 1931, section 8081(i), subsection (f). We have held that as a general rule an injury suffered by an employee while going to or returning from his employer's premises where he is to begin his work does not arise out of and in the course of his employment. *Wilkie v. Stancil,* 196 N. C., 794; *Conrad v. Foundry Co.,* 198 N. C., 723; *Harden v. Furniture Co.,* 199 N. C., 733; *Davis v. Veneer Co.,* 200 N. C., 263; *Hunt v. State,* 201 N. C., 707. The facts are not within any exception to the general rule. *Dependents of Phifer v. Dairy,* 200 N. C., 65.

6—203

The relation of employer and employee is usually suspended when the servant leaves the place of his actual employment and is resumed when he puts himself in a position when he can again do the work at the place where it is to be performed. *Ibid.* At the time of his injury the plaintiff was on his way to the garage where he was to resume his accustomed duties, but he had not reached the premises or begun the service; hence, under the authorities cited he is not entitled to compensation. The distinction between actual and prospective service may be seen by comparing *Baker v. State,* 200 N. C., 232 with *Hunt v. State,* which is herein cited. Judgment

Affirmed.