HELEN EDWARDS, WIDOW OF ALBERT EDWARDS, v. T. A. LOVING COMPANY; AMERICAN CASUALTY COMPANY, AND THE FIDELITY AND CASUALTY COMPANY, OF NEW YORK.

(Filed 21 September, 1932.)

**Master and Servant F b—Accident occurring while employee is riding to work in conveyance furnished by employer under the contract is compensable.**

Where an employee is killed in an accident occurring while he was riding to work in a conveyance furnished by the employer under the contract of employment, his death is compensable under the provisions of the Workmen's Compensation Act as an injury arising out of and in the course of the employment.

APPEAL by defendant, American Casualty Company, from *Frizzelle, J.*, at May Term, 1932, of WILSON. Affirmed.

*Connor & Hill for T. A. Loving Company.*
*W. S. Wilkinson for American Casualty Company.*

CLARKSON, J. The questions involved in this appeal are: (1) Was the American Casualty Company the insurance carrier of the compensation risk of T. A. Loving Company on its Lillington, N. C., project? We think so. (2) Was Albert Edwards an employee of T. A. Loving Company on its Lillington project at the time of the occurrence of the accident which resulted in his death? We think so.

The Industrial Commissioner, J. Dewey Dorsett, found the facts, and there is evidence in the record to sustain them, and upon the findings of facts based his conclusions of law; and on appeal to the full Commission the findings of fact and conclusions of law were sustained. An appeal was taken to the Superior Court and the court below rendered the following judgment: "Now, therefore, the court hereby adopts the

findings of fact and the opinion of the full Commission herein and finds as a fact that such facts as were found by the Commission were founded upon and supported by the evidence adduced herein and it is further ordered, adjudged and decreed that the action by the said North Carolina Industrial Commission and the opinion of the full Commission rendered herein, be and the same are hereby in all respects affirmed." From the judgment an appeal was taken to the Supreme Court.

The evidence was to the effect, and so found: That Albert Edwards was upon a conveyance to go to his place of work, which was provided by his employer for the sole use of his employees and which the employees were required or entitled to use by virtue of the contract of employment. He was injured while riding to his work in a conveyance owned and operated by his employer for the purpose of transporting the employees to the place of work.

The principle of law is well stated, and numerous authorities cited, in *Dependents of Phifer v. Dairy,* 200 N. C., at pp. 66 and 67, as follows: "While there is diversity of opinion on the question, the weight of authority sustains the conclusion that if an employer furnishes transportation for his employees as an incident of the employment, or as a part of the contract of employment, an injury suffered by the employee while going to or returning from the place of employment in the vehicle furnished by the employer and under his control arises out of and in the course of the employment." For the reason given, the judgment of the court below is

Affirmed.