MRS. ZELMA H. DAVIS, WIDOW OF RONE LEE DAVIS, CLAIMANT, v. MECKLENBURG COUNTY, EMPLOYER, AND TRAVELERS INSURANCE COMPANY, CARRIER.

(Filed 23 November, 1938.)

1. **Master and Servant § 40f—Evidence held sufficient to support finding that employee was not injured in course of his employment.**

   The evidence tended to show that the deceased employee was a rural policeman with regular hours of work, but that he was subject to call for duty at any hour, and that he was fatally injured in an accident while going to police headquarters to report for duty prior to the beginning of his regular working day.   *Held:* The evidence supports the finding of the Industrial Commission that the accident did not arise out of and in the course of his employment.

2. **Master and Servant § 55d—**

   The finding of the Industrial Commission that the accident in question did not arise out of and in the course of the employee's employment is conclusive on the courts unless under no view of the facts found by the Commission is such conclusion warranted.

APPEAL by claimant from *Cowper, Special Judge,* at Special June Term, 1938, of MECKLENBURG.   Affirmed.

This is a claim for compensation under the North Carolina Workmen's Compensation Act, ch. 120, Public Laws 1929, and amendments thereto, N. C. Code of 1935 (Michie), sections 8081 (h), *et seq.*

The hearing Commissioner made an award allowing compensation but upon appeal to it the Full Commission set aside such award and found "as a fact that the plaintiff's deceased did not sustain an injury by accident arising out of nor in the course of his regular employment 9 January, 1937, when he sustained an injury by accident while en route to his employment," and denied compensation.

Upon appeal to it the Superior Court entered judgment affirming the action of the Full Commission, to which judgment the claimant reserved exception and appealed to the Supreme Court.

*Fred C. Hunter for claimant, appellant.*
*Guthrie, Pierce & Blakeney for defendants, appellees.*

SCHENCK, J. "When the Industrial Commission concludes that an injury arose out of and in the course of the employment of a claimant and such conclusion is supported by competent testimony, neither the Superior Court nor this Court may interfere therewith. *Marsh v. Bennett College,* 212 N. C., 662; *Wimbish v. Detective Co.,* 202 N. C., 800. Likewise, when the Commission finds that the evidence is insufficient to support such conclusion and it finds that the injury relied upon by the plaintiff as a basis for compensation did not arise out of and in the course of the employment of the plaintiff, such conclusion must stand unless under no view of the facts found by the Commission such conclusion is warranted." *Lockey v. Cohen, Goldman & Co.,* 213 N. C., 356.

The evidence is to the effect that on 9 January, 1937, Rone Lee Davis, husband of the claimant, was employed by Mecklenburg County as a rural policeman, and while driving in his own automobile from his residence some seven miles from the city of Charlotte to the police headquarters in the courthouse in said city to report for duty, his automobile collided with a truck on the public highway about 6 :45 a.m. and he was almost instantly killed; that the deceased was on regular duty as a rural policeman from 7 a.m. to 3 p.m. each day, and was subject to call at any hour of the day or night and that it was his duty to investigate and make an arrest if necessary in the event of any law violation in his presence as he went to report for or came from his regular 8-hour duty; that he was making no investigation nor arrest at the time of his fatal accident.

We do not concur in the contention that the finding of the Full Commission that the "plaintiff's deceased did not sustain an injury by accident arising out of nor in the course of his regular employment" is unwarranted by the evidence. The Superior Court and this Court are bound by the conclusion of the Commission "unless under no view of the facts found by the Commission such conclusion is warranted."

The judgment of the Superior Court is
Affirmed.