MRS. LAURA R. SMITH, WIDOW OF JOHN HAZEL SMITH, DECEASED, v. CITY OF GASTONIA AND/OR GASTONIA ATHLETIC ASSOCIATION, EMPLOYERS, AND AMERICAN EMPLOYERS' INSURANCE COMPANY, CARRIER.

(Filed 22 November, 1939.)

**1. Master and Servant § 40f—**

　　While ordinarily an employer is not liable under the Workmen's Compensation Act for an injury suffered by an employee while going to or returning from work, the employer may be held liable when he furnishes the means of transportation as an incident to the contract of employment.

**2. Same—Injury to policeman inflicted while he was returning home, after regular hours, on motorcycle under his exclusive control, held compensable.**

The evidence tended to show that the deceased employee was a motorcycle policeman, that he had regular hours of duty, but that he was under duty to arrest violators of the law and prevent a breach of the peace within the city limits at all times and was subject to call at any time, that he was furnished a motorcycle for which he was solely responsible, that at the time he was employed it was understood that he could leave the motorcycle at headquarters or take it home as he preferred, and that he had customarily ridden it home. *Held:* The evidence is sufficient to support the finding of the Industrial Commission that a fatal accident occurring while he was riding the motorcycle home after his regular hours of duty arose out of and in the course of his employment, and sustains an award against the city for compensation to his dependents for his death.

APPEAL by defendants, City of Gastonia and American Employers' Insurance Company. Affirmed.

This was a proceeding before the North Carolina Industrial Commission upon a claim of Mrs. Laura R. Smith v. the City of Gastonia, the Gastonia Athletic Association, Employers, and American Employers' Insurance Company, Carrier. During the proceeding the claim as to Gastonia Athletic Association was disallowed for want of any evidence of liability, and as to this there was no appeal. The present controversy concerns the liability of the city of Gastonia and the American Employers' Insurance Company only. The cause was heard by Commissioner Dorsett, and upon appeal by the defendants from adverse findings of fact and conclusions of law by the hearing Commissioner the matter was heard by the Full Commission, and the opinion was filed and award made on 24 October, 1938. From this there was an appeal to the Superior Court, where the award was affirmed, and, thereupon, the defendants appealed to this Court.

Leaving out the more formal part of the evidence, as to which there is no controversy, the facts disclosed are substantially as follows:

At the time of his injury and death John Hazel Smith was employed by the city of Gastonia in the capacity of motorcycle policeman. Certain hours were prescribed during which the policeman was said to be "on duty," but it was also one of the duties of his employment to arrest at any time violators of the law or to prevent infractions of peace within the city limits, and he was also at all times "on call." At the particular time his "on duty" hours, in the sense above named, had expired, and he was riding home on the motorcycle furnished him by the city.

As to this, the evidence tended to show that at the time he was sworn in he was provided with a motorcycle and other equipment necessary to the discharge of his duties, and as to the motorcycle he was given the

entire responsibility and care for it, and it was understood that he might keep it at headquarters or at his home, according to his preference. He had been keeping it in the garage at home. Smith used the motorcycle in the discharge of his duties as a policeman within the city limits, and used it as a means of transportation to his home when the hours for his more exacting duties had elapsed, and this was through the authorization of the city manager at the time of his employment.

Thus returning to his home on the motorcycle he collided with an approaching car, which, as the evidence discloses, was driven carelessly and recklessly, and he was killed.

Upon this evidence the Full Commission found as fact that the city of Gastonia furnished the deceased with transportation to and from his home and police headquarters in the form of a motorcycle, which was used by the deceased while performing his regular duties as an officer, and that on 4 September, 1937, "said Smith sustained an injury by accident arising out of and in the course of his regular employment," which resulted in his death on 5 September, 1937.

Upon this evidence and these findings of fact (and others not in controversy), the court sustained the conclusions of law reached by the Industrial Commission and affirmed the award.

*Cherry & Hollowell for plaintiff, appellee.*

*King & King, H. B. Foster, and Harry Rockwell for defendants, appellants.*

SEAWELL, J. The sole question in controversy here is as to whether the decedent was at the time of his injury and death in the exercise of any of the duties of his employment or in the enjoyment of its protection.

Nothing else appearing, an employer is not liable for accidents occurring to an employee while going to or returning from the employer's premises in order to begin his work or after its conclusion, and an accident so occurring is not held to arise out of and in the course of the employment. *Bray v. Weatherly & Co.*, 203 N. C., 160, 161, 165 S. E., 332, 94 A. L. R., 589.

But the authorities seem to be uniform to the effect that where the employer furnishes the means of transportation to and from the place where the service is performed as an incident to the contract of employment an injury suffered by the employee while going to and from work is compensable. *Phifer v. Dairy*, 200 N. C., 65, 156 S. E., 147; *Jackson v. Creamery*, 202 N. C., 196, 162 S. E., 359; *Bellamy v. Mfg. Co.*, 200 N. C., 676, 158 S. E., 246; *Parrish v. Armour & Co.*, 200 N. C., 654, 158 S. E., 188; *Massey v. Board of Education*, 204 N. C., 193, 167 S. E., 695, and cases cited.

It is contended here that the furnishing of the motorcycle by the city of Gastonia was not incident to the contract of employment and, therefore, did not come under the rule.

The testimony is that at the time he was employed or sworn in the motorcycle was furnished him, and the understanding was that he could use it in his employment as a motorcycle policeman and that he could leave it at headquarters or carry it home, as he saw fit; but that at any rate he was solely responsible for it at all times.

If this should need strengthening, and we do not think so, as throwing some light on the intention of the parties, we may consider the course of their dealings as to a certain extent indicating the interpretation they themselves put upon it. *Cole v. Fibre Co.,* 200 N. C., 484, 157 S. E., 857; *Hood v. Simpson,* 206 N. C., 748, 175 S. E., 193; *Bank v. Courtway,* 200 N. C., 522, 157 S. E., 864. Daily, and with the knowledge of the authorities, the decedent rode the motorcycle from his home to headquarters to begin his more particular duties, and when the hours were over he rode it back again to his home. The fact also that he was a motorcycle policeman and so equipped because it was necessary for him immediately to respond to emergencies, which he could do only by the use of the motorcycle given into his complete custody and control, and that he was always on call, strongly supports the view taken of the case both by the Industrial Commission and the court below, and their conclusion that he suffered his injury and death from an accident arising out of and in the course of his employment. We reach the same conclusion.

The judgment is
Affirmed.