J. F. McKENZIE, FATHER, MRS. J. F. McKENZIE, MOTHER, AND STELLA McKENZIE, MINOR SISTER OF S. C. McKENZIE, DECEASED EMPLOYEE, v. CITY OF GASTONIA, EMPLOYER, AND GREAT AMERICAN INDEMNITY COMPANY, CARRIER.

(Filed 25 November, 1942.)

**Master and Servant §§ 40e, 40f—**

In a proceeding under the N. C. Workmen's Compensation Act, where the evidence shows that a policeman was killed in an accident, while returning to work from a leave of absence, the conclusion that he did not sustain injury by accident arising out of and in the course of his employment, is sustained.

McKenzie v. Gastonia.

Appeal by claimants from *Ervin, Special Judge,* at March Term, 1942, of Gaston.

This is a claim for compensation under the North Carolina Workmen's Compensation Act, ch. 120, Public Laws 1929, and amendments thereto, N. C. Code of 1939 (Michie), sections 8081 (h), *et seq.*

The hearing Commissioner made an award denying compensation, and upon appeal the Full Commission adopted the findings of fact and conclusions of law of the hearing Commissioner and affirmed his award.

Upon appeal to it the Superior Court entered judgment affirming the action of the Full Commission, to which judgment the claimants reserved exception and appealed to the Supreme Court.

*Basil L. Whitener for claimants, appellants.*
*Sanders & Mullen and Paul E. Monroe for defendants, appellees.*

Per Curiam. The Commission concluded that the accident relied upon as a basis for compensation did not arise out of and in the course of the employment of the deceased employee, and since such conclusion is warranted by the facts found by the Commission, which facts are sustained by the evidence, it must stand. *Lockey v. Cohen, Goldman & Co.,* 213 N. C., 356, 196 S. E., 342.

The evidence is to the effect that the deceased employee, S. C. McKenzie, had obtained a leave of absence of a day or two from his duties as a policeman of the city of Gastonia, and was returning in his own automobile to the place from which he was required to start his work, the City Hall, when a collision with a police car of the city of Gastonia, recklessly driven, occurred, in which collision the deceased employee received injuries from which he died.

Since the evidence supports the finding that the deceased employee was returning to his duties from a leave of absence therefrom, the conclusion that he did not sustain injury by accident arising out of and in the course of his employment is sustained, and the Superior Court and this Court are bound by such conclusion of the Full Commission. *Davis v. Mecklenburg County,* 214 N. C., 469, 199 S. E., 604.

Affirmed.