BEULAH HUGGINS ARCHIE (WIDOW), WILHELMINA, LUCIA MAE AND JEANNETTE ARCHIE (MINOR CHILDREN) OF WILLIE C. ARCHIE, DECEASED (EMPLOYEE), v. GREENE BROTHERS LUMBER COMPANY (EMPLOYER), (SELF-INSURER).

(Filed 8 January, 1943.)

1. **Master and Servant § 52c—**

    The findings of fact made by the Industrial Commission in a matter properly before that body, when based upon competent evidence, are conclusive, and not open to review by the courts.

2. **Master and Servant §§ 40a, 40h: Negligence § 11—**

    The negligence of the employee, under the N. C. Workmen's Compensation Act, does not disbar him from compensation for injury by accident

arising out of and in the course of his employment, except only in cases where the injury is occasioned by his intoxication or willful intention to injure himself or another.

3. **Master and Servant §§ 40e, 40f—**

Where an employer was under obligation to transport its employees from the woods where they worked to a camp on the employer's premises, as an incident to their employment, and provided for that purpose a safety car, and warned its employees not to use its more hazardous log train, which also ran from the woods to the camp, and was sometimes used for that purpose in spite of warning, and deceased employee was killed in attempting to get on the log train to return to camp. *Held:* The finding by the Industrial Commission that employee was killed as result of injury by accident arising out of and in the course of his employment was based on evidence, and his dependents are entitled to compensation.

BARNHILL, J., dissenting.
SCHENCK, J., concurs in dissent.

APPEAL by plaintiffs from *Thompson, J.,* at September Term, 1942, of BLADEN.    Reversed.

This was a proceeding under the Workmen's Compensation Act to obtain compensation for the injury and death of Willie C. Archie, an employee of the defendant Lumber Company.    It was not controverted that both the employee and the employer were subject to the provisions of the Act, and that the claimants were the only dependents of the employee.

. The hearing Commissioner denied compensation.    On review by the Full Commission a contrary conclusion was reached and compensation awarded.    On appeal to the Superior Court the trial judge held that, on the facts found by the Industrial Commission, the injury to Willie C. Archie, which resulted in his death, did not arise out of and in the course of his employment, and denied plaintiffs' claim for compensation.

The plaintiffs, claimants, appealed to the Supreme Court.    .

*Felder & Rosen and McLean & Stacy for plaintiffs, appellants.*
*Clark & Clark for defendant, appellee.*

DEVIN, J.    The findings of fact made by the Industrial Commission in a matter properly before that body, when based on competent evidence, are conclusive, and not open to review by the courts.    *Tindall v. Furniture Co.,* 216 N. C., 306, 4 S. E. (2d), 894.    Since it is apparent from an examination of the record in this case that the findings of the Commission, detailing the circumstances of the fatal injury sustained by Willie C. Archie, are supported by competent testimony, it follows that the only question presented by the appeal is whether upon the facts so found his dependents are entitled, under the Workmen's Compensation Act, to an award of compensation for his injury and death.

The Industrial Commission concluded that the decedent came to his death from an injury by accident arising out of and in the course of his employment by the defendant, but the trial judge, being of opinion that this conclusion was erroneous in law, overruled the Commission and denied compensation. The appeal brings the question to us for decision.

The findings of the Industrial Commission pertinent to the appeal are as follows:

"The full commission further finds as a fact that on the date of the injury and death of the deceased he had been for some time an employee of the defendant's wood crew; that the defendant employer regularly furnished transportation to the employees who were working in the woods to and from the place said employees were working; that the means of said transportation was an enclosed car, sometimes called the 'Safety Car,' which had been built by the defendant employer for the purpose of transporting his employees to and from work; that in addition to the operation of the enclosed car there was another train that operated from the same place and leaving the same place at approximately the same time, a car or train loaded with logs, and that sometimes the employees of the defendant company would catch and ride the log train from the woods into the shed where the train was kept during the night; that the plaintiffs' deceased, together with the other employees of the defendant, had been warned not to ride the log train but to use the safety car which had been provided for their transportation; that, however, notwithstanding these instructions, some of the employees who were working in the woods rode the defendant's log train from the woods into the car shed or barn occasionally; that the plaintiffs' deceased sustained his injury by accident, which caused his death, while attempting to board the log train of the defendant in order to ride the same to the employees' camp; that the injury by accident which resulted in the deceased employee's death occurred on the premises of the employer and about five minutes to one-half hour after the said employees had quit work for the day but before they had been transferred by the employer from the woods to the camp where the employer was under obligations to transport them; and that the rule which the defendant employer had made warning the employees, including the deceased, not to ride on the log train of the defendant employer and (had) not at the time of said employee's injury and subsequent death been approved by the North Carolina Industrial Commission. . . . It is not controverted, and is well established by the evidence in this case, that the employer was at the time of the injury and death of the deceased in this case under obligation to furnish his transportation to and from his work and from the point where he was seeking the ride at the time of his injury in to the camp, and that the obligation of the employer to the employee under the evidence in this case had not

been fulfilled in that transportation had not been furnished from the woods in to the camp; and it was for this purpose that the deceased was attempting to procure a ride upon one of the trains of the employer that was about to start from the woods into the camp at the time he received the fatal injury."

It is thus made to appear that the defendant Lumber Company, in connection with its logging operations, maintained on its premises a camp for its employees and a·railroad between it and the woods where the employees, including the decedent, performed the principal part of their work. At the time of the injury to claimants' intestate, he was still subject to orders, and within the period of his daily labor, which included transportation from the woods to the camp which the defendant was under obligation to furnish. The transportation was incident to his employment. He was hurt while attempting to get on defendant's log train for the purpose of being transported from the woods to the camp. While this train was operated by the defendant between these points on its own premises, and thus afforded a means of transportation, the use of the log train for that purpose had been forbidden by a rule promulgated by the defendant for the safety of its employees, and a safe means of transportation in an enclosed car had been provided. On the occasion of the injury the car was available. It is contended that the violation of the rule established for the employee's safety, and his choice of hazardous and forbidden means of transportation should debar the claimants from compensation for an injury to him resulting therefrom.

The negligence of the employee, however, does not debar him from compensation for an injury by accident arising out of and in the course of his employment. The only ground set out in the statute upon which compensation may be denied on account of the fault of the employee is when the injury is occasioned by his intoxication or willful intention to injure himself or another. The Act was designed to eliminate the fault of the employee as a basis for determining compensation for injury incidental to employment in industry. As was said by *Brogden, J.,* speaking for the Court, in *Chambers v. Oil Co.,* 199 N. C., 28, 153 S. E., 594, "It is generally conceded by all courts that the various compensation acts were intended to eliminate the fault of the workman as a basis for denying recovery." This principle was reaffirmed in *Michaux v. Bottling Co.,* 205 N. C., 786, 172 S. E., 406, where claimant was injured while attempting to climb upon a moving truck. *Rowe v. Rowe-Coward Co.,* 208 N. C., 484, 181 S. E., 254; *Hawkins v. Bleakly,* 243 U. S., 210.

Here it was conceded, and properly so, that if the employee had been hurt while attempting to get on the enclosed car, rather than the log train, in order to be transported from the woods to the camp, his injury would have been compensable under the statute. Getting on a convey-

ance furnished by the defendant for transportation on its premises from the woods to the camp was incidental to his employment and was part of the employee's duty. We do not think compensation should be denied his dependents because he made an error of judgment and attempted to use a more hazardous means of transportation, likewise under the control of the defendant, nor because in so doing he violated a rule which was not always observed by the employees. *Dependents of Phifer v. Dairy*, 200 N. C., 65, 156 S. E., 147; *Bellamy v. Mfg. Co.*, 200 N. C., 676, 158 S. E., 246; *Edwards v. Loving Co.*, 203 N. C., 189, 165 S. E., 356; *Gordon v. Chair Co.*, 205 N. C., 739, 177 S. E., 485; *Smith v. Gastonia*, 216 N. C., 517, 5 S. E. (2d), 540; *Mion v. Marble & Tile Co., Inc.*, 217 N. C., 743, 9 S. E. (2d), 501.

The only provision made by the statute with regard to an injury caused by the willful failure of an employee to use a safety appliance, or by the willful breach of a rule or regulation adopted by the employer and approved by the Industrial Commission, is to require that his compensation be reduced ten per cent. The statute does not deny compensation when those facts appear, but only subjects the injured employee to the penalty of a reduction in the compensation to be awarded. In the instant case the Commission reduced compensation ten per cent, without finding, however, that the employer's rule had been approved. Whether this action by the Commission was proper is not presented, as the claimants did not appeal.

The cases cited by the defendant from other jurisdictions, where different conclusions were reached on similar facts, do not seem to be in accord with what we regard as the proper interpretation of the North Carolina Workmen's Compensation Act, and may not be held controlling here.

We are of opinion, and so hold, that the court below was in error in ruling that the claimants were not entitled to compensation on the facts found and conclusions reached by the Industrial Commission, and that the judgment appealed from must be

Reversed.

BARNHILL, J., dissenting: I am unable to concur in the majority opinion. On the contrary, I take the view that the hearing Commissioner and the court below correctly concluded that claimants are not entitled to recover.

There are certain principles of law relating to Workmen's Compensation which seem to have become well established in this and other jurisdictions.

Ordinarily, the employer is not liable for an injury suffered by an employee while going to and from his work. This is upon the theory

that such injury does not arise out of or in the course of his employment. *Dependents of Phifer v. Dairy,* 200 N. C., 65, 156 S. E., 147; *Davis v. Mecklenburg County,* 214 N. C., 469, 199 S. E., 604; *Bray v. Weatherly & Co.,* 203 N. C., 160, 165 S. E., 332; *Smith v. Gastonia,* 216 N. C., 517, 5 S. E. (2d), 540; *Lassiter v. Tel. Co.,* 215 N. C., 227, 1 S. E. (2d), 542; *Rourke's Case,* 129 N. E. (Mass.), 603; *Padgorski v. Kerwin,* 175 N. W. (Minn.), 694; *Nesbitt v. Twin City Forge & Foundry Co.,* 177 N. W. (Minn.), 131; *Ogden Transit Co. v. Ind. Comm.* (Utah), 79 Pac. (2d), 17; Schneider, Workmen's Compensation Law (2d), 769, sec. 265. There is no liability even though the employee is paid for the time consumed in going to and fro. *Hunt v. State,* 201 N. C., 707, 161 S. E., 203.

In the absence of a contract transportation of the employee by the employer to and from his work is presumed to be gratuitous and no liability attaches for injuries suffered by the employee while being so transported. *Lassiter v. Tel. Co., supra.*

To entitle a claimant who is injured while being transported to or from his work to recover it must be made to appear that he accepted transportation as a matter of right, under an express or implied contract, as an incident of his employment. *Lassiter v. Tel. Co., supra; Hunt v. State, supra; Edwards v. Loving Co.,* 203 N. C., 189, 165 S. E., 356; *Dependents of Phifer v. Dairy, supra,* and cases cited; *Smith v. Gastonia, supra;* Anno. 10 A. L. R., 169; Anno. 21 A. L. R., 1223; Anno. 24 A. L. R., 1233; Anno 62 A. L. R., 1438.

The rule that has been generally followed is stated by the Massachusetts Court in *Donovan's case,* 217 Mass., 76, 104 N. E., 431, as follows: "The rule has been established, as we consider in accordance with sound reason, that the employer's liability in such cases depends upon whether the conveyance has been provided by him, after the real beginning of the employment, in compliance with one of the implied or express terms of the contract of employment, for the mere use of the employees, and is one which the employees are required, or as a matter of right are permitted, to use by virtue of that contract." See 25 Harvard Law Review, 401, and A. L. R. Anno. above cited; 1 Honnold, Workmen's Compensation, sec. 110; *Harrison v. Central Con. Corp.,* 108 Atl. (Conn.), 346; *American Coal Mining Co. v. Crenshaw,* 133 N. E. (Ind.), 394.

The risk which caused the injury must be incidental to and arise out of the employment. *Hunt v. State, supra; Harden v. Furniture Co.,* 199 N. C., 733; *Hollowell v. Department of Conservation and Development,* 206 N. C., 206, 173 S. E., 603; *Hildebrand v. Furniture Co.,* 212 N. C., 100, 193 S. E., 294; *Lockey v. Cohen, Goldman & Co.,* 213 N. C., 356, 196 S. E., 342.

It follows that to recover plaintiffs must prove an express or implied contract to transport as a part of the employment and an injury sustained while being so transported. They have shown, and the Commission found, that there was a contract, but they have signally failed to show an injury sustained while being transported in the manner and upon the conveyance provided by the contract. The *contra* affirmatively appears, both from the evidence and from the findings of the Commission.

What was the contract? The Commission found "that the defendant employer regularly furnished transportation to the employees who were working in the woods to and from the place said employees were working; that the means of said transportation was an enclosed car sometimes called the 'safety car' which had been built by the defendant employer for the purpose of transporting his employees to and from work . . . that the plaintiffs' deceased, together with other employees of the defendant, had been warned not to ride the log train but to use the safety car which had been provided for their transportation."

It is clear then that the contract was to transport by means of the safety car and not by log train. The log train was excluded both by rule and by express instructions. It is equally clear that plaintiffs have failed to bring themselves within the contract upon which they rely.

Had there been no contract to transport plaintiffs could not recover. This is conceded. It seems to me that as to this particular occurrence the conclusion that it had no relation to or connection with, but was completely outside, the contract is inescapable.

The employee had quit work more than 5 minutes before the accident. The safety car was not yet ready to depart. Evidently becoming impatient and unwilling to await the departure of the safety car, the conveyance provided under the contract, he, for his own convenience, deviated or departed from the course of his employment and chose his own means of travel without the consent and against the will of his employer. The log train was not the conveyance provided by the employer "in compliance with one of the terms of employment for the mere use of the employees." It was not "one which the employees were required to use by virtue of that contract." The deceased was not "using it by permission or as a matter of right." On the contrary, he was doing so in defiance of specific instructions and in violation of an express rule of the employer.

The employee worked in the woods. His duties did not require him to go on or about the log train. He was to be transported by means of the safety car. The risk incurred by attempting to board the log train was in no sense a risk "incidental to and arising out of" his employment. It was a risk created by him for his own convenience and had no relation

to the work he was engaged to do.   71 C. J., 669, sec. 410; *Wither's case,* 147 N. E., 831; *Jacobson's case,* 143 N. E., 317.

The rule that forbade the employees to ride the log train was not a safety rule.   A safety rule relates to the manner and method of doing the work assigned or to the tools, equipment or materials to be used. This rule had no relation to either.   It was, in effect, a limitation of the contract to transport. The employer, both by rule and by express instructions, made it clear that employees were not permitted and had no right to use this train as a means of conveyance within the meaning of the contract.

The cases cited in the majority opinion do not sustain its conclusion.

In *Michaux v. Bottling Co.,* 205 N. C., 786, 172 S. E., 406, the use of the truck was an essential part of the work.

In *Edwards v. Loving Co., supra,* the employee was injured while riding to work in a conveyance furnished by the employers under the contract of employment.

In *Gordon v. Chair Co.,* 205 N. C., 739, 172 S. E., 485, the employee was not injured while going to or from his work.

In *Bellamy v. Mfg. Co.,* 200 N. C., 676, 158 S. E., 246, the employee was injured while on an elevator within the building where he worked and which he was permitted to use.

In *Smith v. Gastonia, supra,* the employer furnished the means of transportation and permitted its use.

In *Mion v. Marble & Tile Co., Inc.,* 217 N. C., 743, 9 S. E. (2d), 501, there was a contract to transport and the employee was using a vehicle he was directed to use because the regular vehicle was already overcrowded.

For the reasons stated, I vote to affirm.

SCHENCK, J., concurs in dissent.