### WESTCOTT et al. v. UNITED STATES FIDELITY & GUARANTY CO.

#### No. 5523.

Circuit Court of Appeals, Fourth Circuit.

Nov. 11, 1946.

John H. Hall, of Elizabeth City, N. C. (R. Clarence Dozier, of Elizabeth City, N.C., and Chester R. Morris, of Currituck, N. C., on the brief), for appellants.

Leigh D. Williams and Lawson Worrell, Jr., both of Norfolk, Va. (J. Kenyon Wilson, of Elizabeth City, N. C., on the brief), for appellee.

Before PARKER and DOBIE, Circuit Judges, and HARRY E. WATKINS, District Judge.

DOBIE, Circuit Judge.

The United States Fidelity & Guaranty Company (hereinafter called Fidelity), a Maryland corporation, brought a civil action in the United States District Court for the Eastern District of North Carolina, seeking a declaratory judgment to the effect that it was not liable on a public liability policy in the sum of $5,000, issued to the defendant, Westcott, in connection with the death of Annie Montague, who was killed in a collision when the insured automobile was being driven by the defendant Mann, with the permission of Westcott. The defendants in the civil action, all personally served, were the insured, George Westcott, C. M. Montague, Administrator of the Estate of Annie Montague, deceased, and George Mann, a minor. Judgment was entered by the District Court below in favor of the plaintiff and all the defendants have appealed.

Two questions are presented on this appeal. One, procedural, is concerned with the alleged error of the court below in refusing to appoint a guardian ad litem for the infant defendant, Mann, and the court's refusal to allow: (a) The filing of an answer by such guardian ad litem and (b) the granting of a jury trial. The second question, concerned with the merits, is the alleged error of the trial court in holding that, by virtue of certain exceptions in the policy (issued by Fidelity to Westcott), the death of Annie Montague was without the coverage of the policy.

We consider first the procedural problem. Mann was personally served with process. M. B. Simpson, admittedly an upright and able lawyer, was employed to represent the defendants, Westcott and Mann. An answer was filed on behalf of Westcott and Mann, and it was expressly agreed by counsel on both sides that jury trial be waived. Prior to the day of trial no suggestion was made that a guardian ad litem be appointed. The day before the trial, Mann employed another able and upright lawyer, John Hall, to represent him jointly with Simpson, if no conflict of interest arose between Westcott

and Mann, and solely if such conflict did arise.

When the case was called for trial, Hall moved that a guardian ad litem be appointed for Mann and that such guardian be permitted to file an answer demanding a jury trial. These motions were denied by the court below, which, however, permitted an amendment to the original answer and entered an order directing Hall to advise Mann and to protect and defend Mann's interests.

■ Rule 17(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, reads:

"Infants or Incompetent Persons. Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. If an infant or incompetent person does not have a duly appointed representative he may sue by his next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person."

We cannot agree with the contention of appellants that the word "or" in that last sentence really means "and", thus making the appointment of a guardian ad litem mandatory. In Till v. Hartford Accident & Indemnity Co., 10 Cir., 124 F.2d 405, 408, 409, it is said:

"Therefore, while not technically appointed, * * * the next friends did everything for the minors they could have done had they been formally appointed. We conclude that the requirements of Rule 17(c) were substanially complied with and that the failure to appoint guardians ad litem did not render the judgment void."

■ It seems obvious that the only reason for this motion for the appointment of the guardian ad litem was to secure a jury trial, though counsel for all the defendants had expressly agreed to a trial without a jury and the court, on the strength of this, had discharged the jury. There is no claim that the trial was not fair and impartial.

We cannot hold, in the light of all these facts, that the failure to grant this last-minute motion for a guardian ad litem was reversible error.

This brings us to the second question, the correctness of the trial court's holding that the accident was not within the policy's coverage. The policy reads:

"Exclusions

"This policy does not apply:

"(d) under coverages A and C, to bodily injury to or death of any employee of the insured while engaged in the employment, other than domestic, of the insured, or while engaged in the operation, maintenance or repair of the automobile:".

The court below made this finding of law:

"4. That Annie Montague was, at the time of her injury, an employee of George T. Wescott and engaged in the employment of George T. Wescott within the meaning of Exclusion (d) contained in the policy of insurance issued by the plaintiff to George T. Wescott, and that for this reason the plaintiff is entitled to the relief prayed for in its complaint."

■ In support of this, the court below made these findings of fact:

"5. The defendant, George L. Mann, was the agent, servant and employee of George T. Wescott, and as such had been granted express authority by George T. Wescott to employ persons to work at the Casino;

"6. Annie Montague had been employed from time to time prior to September 5th, 1945, by George T. Wescott to work at the Nags Head Casino, and on the 5th day of September, 1945, George L. Mann, on behalf of George T. Wescott, and within the scope of his employment as agent, servant and employee, entered into a contract of employment with Annie Montague whereby it was agreed that the said Annie Montague would work for the said George T. Wescott at the Casino between the hours of nine o'clock P.M. and twelve o'clock midnight on that day, her duties being to take up tickets at the dance hall; that it was agreed, as a part of the said contract of employment, that Annie Mon-

tague would be paid the sum of Three Dollars ($3.00) for her services and that she would be furnished transportation to and from the place of employment;

"7. Pursuant to the contract of employment above described, George L. Mann, acting as the agent, servant and employee of George T. Wescott, on the evening of September 5, 1945, drove a certain motor vehicle owned by George T. Wescott, being the vehicle described in the policy of insurance in evidence, issued by the plaintiff to George T. Wescott, from the Nags Head Casino to the Wilbur Wright Hotel, at which hotel Annie Montague, at approximately 7:45 P.M., got into the said motor vehicle with George L. Mann; that thereupon George L. Mann undertook, in compliance with the contract of employment, to transport Annie Montague from the Wilbur Wright Hotel to the Nags Head Casino in order that Annie Montague could perform her duties as above described;

"8. While transporting Annie Montague from the Wilbur Wright Hotel to the Casino, the motor vehicle operated by George L. Mann and occupied by Annie Montague, collided with another vehicle and as a result of that collision Annie Montague received bodily injuries which caused her death."

There can be little doubt that these findings of fact amply sustain this conclusion of law. A further provision of the policy reads:

"Insuring Agreements  *  *  *

"III.  Definition of 'Insured'  *  *  *

"The insurance with respect to any person or organization, other than the named insured, does not apply: * * * (d) to any employee with respect to injury to, or death of, another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer."

The informal statements of Westcott and Mann, and their very formal affidavits, both made after the accident, constitute more than ample evidence to support the trial court's findings of fact. In their testimony before the court, Westcott and Mann vigorously attempted to repudiate these informal statements and the very formal affidavits, which were in question and answer form.  Mann went further and testified that, on the night in question, he was driving Annie Montague, his sweetheart, for purely personal purposes, absolutely disconnected from any purpose even remotely connected with Westcott's employment.

■ The judge below heard not only the testimony of Westcott and Mann but also the testimony of King, the plaintiff's agent who propounded the questions in the affidavit, of the stenographer who made the stenographic notes and later transcribed them, of the Notary Public who took the acknowledgments of Westcott, Mann and the stenographer, and of the witness Meekins.  Obviously, the trial judge believed these last witnesses just listed and did not believe Westcott and Mann.  Clearly, then, we cannot set aside the trial judge's findings of fact; for Rule 52 of the Federal Rules of Civil Procedure provides, in part:

"Findings of fact (by the court) shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibilty of the witnesses."

■ The law seems to be pretty well settled that when an employer, by express contract, furnishes to an employee transportation to and from the place of employment, the employee who is injured or killed while being so transported is injured or killed in the course of the employment. See State Farm Mutual Automobile Insurance Co. v. Brooks, 8 Cir., 136 F.2d 807; Johnson v. Aetna Casualty & Surety Co., 5 Cir., 104 F.2d 22; Smith v. City of Gastonia, 216 N.C. 517, 5 S.E.2d 540; Phifer's Dependents v. Foremost Dairy, 200 N.C. 65, 156 S.E. 147; American Mutual Liability Insurance Co. v. Curry, 187 Ga. 342, 200 S.E. 150; Sylcox v. National Lead Co., 225 Mo.App. 543, 38 S.W.2d 497.

As an additional reason for its decision, the lower court thus stated conclusion of law No. 5:

"That Annie Montague was injured by an accident arising out of, and in the course of her employment; and that her heirs, dependents or administrator could properly claim from George T. Wescott

the benefits provided by the Workmen's Compensation Act of North Carolina, and that for this reason also the plaintiff is entitled to the relief prayed for in its complaint by reason of Exclusion (e) contained in the said policy of insurance."

Exclusion (e) states:

"Exclusions

"This policy does not apply under coverage A, to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law."

Appellee, of course, contends that this conclusion of law, standing alone, affords ample ground for the affirmance of the judgment below. In support of this contention, appellee cites a number of cases and stresses particularly Johnson v. Aetna Casualty & Surety Co., 5 Cir., 104 F.2d 22. We do not find it necessary to pass upon this question.

The judgment of the District Court is affirmed.

Affirmed.