JOHN H. HARDY, FATHER; ESSIE HARDY, MOTHER; WILLIAM H. HARDY, DECEASED, v. MARIE J. SMALL, ADMX. OF ESTATE OF CLAUDE E. SMALL (EMPLOYER); NATIONWIDE INSURANCE COMPANY (CARRIER).

(Filed 18 September, 1957.)

**1. Master and Servant § 39b—**

A general farm laborer is an employee and not an independent contractor.

**2. Master and Servant § 55d—**

Whether an injury by accident arises out of or in the course of the employment is a mixed question of law and of fact.

**3. Master and Servant § 40c—**

The words "out of" as used in the Workmen's Compensation Act refer to the origin or cause of the accident.

**4. Master and Servant § 40d—**

The words "in the course of" as used in the Workmen's Compensation Act refer to the time, place and circumstances under which an accident occurs.

**5. Master and Servant § 40c—**

An injury does not arise out of and in the course of the employment unless it is fairly traceable to the employment as a contributing proximate cause, and an accident from a hazard to which the public in general is subject does not arise out of the employment.

**6. Same—**

Accidental injury to an employee while on a public street or highway does not arise out of the employment unless the employee at the time of the accident is acting in the course of his employment.

**7. Master and Servant § 40d—**

Ordinarily an injury by accident is not compensable if sustained by the employee while on the way to or returning from the place where his employment is performed unless the employer provides the means of transportation.

**8. Master and Servant § 37—**

The Workmen's Compensation Act should be liberally construed to the end that its benefits should not be denied upon technical, narrow and strict interpretation, but the rule of liberal construction cannot be employed to enlarge the meaning of the Act beyond its plain and unmistakable terms.

**9. Master and Servant § 40c—Under facts of this case injury to employee while crossing highway was a risk incident to the employment.**

Deceased employee lived on the farm of the employer in a house furnished rent free by the employer to the employee's father so that the members of the family would be available for farm labor. The employee was employed as a general farm laborer with duty to feed the livestock at the barn. A highway traversed the farm and lay between the barn and the employee's home. The employee was fatally injured while crossing the highway on his way from the barn to his home. *Held:* The employee was in the course of his employment from the time he left the area of his home to perform his duties until he returned to the area of his home, the highway not being used as a means of travel to and from his work but being a hazard necessary to be crossed in going from one part of the farm to the other, and therefore, the accident arose out of and in the course of the employment.

APPEAL by defendants from *Parker, J.,* April Term, 1957, of CHOWAN.

Defendants' appeal is from a judgment affirming the Industrial Commission's award of compensation in plaintiffs' proceeding under Workmen's Compensation Act (G.S. Ch. 97, Art. 1).

Jurisdiction under G.S. 97-13(b) is based on these stipulated facts: On November 30, 1955, William H. Hardy, the deceased employee, sustained an injury by accident resulting in his immediate death; and when this occurred an insurance policy, purchased by defendant employer from defendant insurance carrier, covering defendant employer's compensation liability incident to her farm operations, was in full force and effect.

The findings of fact and conclusions of law relevant on this appeal are as follows:

## "FINDINGS OF FACT

"1. On 30 November 1955 and prior thereto the deceased, a thirteen-year-old boy, lived at the home of his mother and father located on the farm of the defendant, Marie J. Small, Administratrix of the Estate of Claude E. Small. During the summer when he was not in school the deceased was employed on the farm as a general farm laborer, and during the fall and winter season of 1955, while he was attending school the deceased was employed by such defendant to feed livestock on the farm.

"2. The deceased had been employed to feed livestock on the farm by Mr. Claude Small, Jr., manager of the farm, and Mr. Small told the deceased where and when to do the work.

"3. The defendant's farm was located on both sides of N. C. Highway 32 and approximately two miles north of Edenton. The deceased lived on the farm approximately 120 feet to the east of the hard surfaced portion of N. C. Highway 32. The deceased fed the defendant's livestock at a barn located 350 to 400 feet from his home and on the

west side of N. C. Highway 32, across the highway from his home. The deceased fed the livestock seven days a week, once in the morning before he went to school and once in the afternoon after he returned from school. The defendant paid the deceased $1.50 per week for performing such job.

"4. On 30 November 1955 the deceased, after returning home from school, told his mother that he was going to feed the defendant employer's livestock, as was his regular job with the defendant during such season of the year. The deceased thereafter crossed Highway 32 and went to the defendant's barn where he fed the livestock. After performing such work he started to cross Highway 32 in order to return from the barn to his home. While so crossing the highway and near the west edge of the highway, the deceased was struck by a car and killed.

"5. The deceased employee sustained, as described above, an injury by accident arising out of and in the course of his employment which resulted in his death.

"6. At the time of the injury by accident giving rise hereto the deceased was not engaged in an independent business, calling or occupation. He did not have the independent use of his skill, knowledge or training in the execution of the work. He was subject to discharge if he adopted one method of doing work rather than another. He was in the regular employ of defendant. He was not free to use such assistance as he thought proper. And he did not select his own time. The defendant had control over the work of the deceased employee and had the authority to direct his activities. At the time of the death of the deceased he was an employee of the defendant employer and not an independent contractor.

"7. . . .

"8. . . .

"9. . . .

"The above Findings of Fact and Conclusions of Law engender the following additional—

"CONCLUSIONS OF LAW

"1. The employer-employee relationship existed between the deceased employee and the defendant employer at the time of the injury by accident giving rise hereto.

"2. On 30 November 1955 the deceased employee sustained an injury by accident arising out of and in the course of his employment.

"3. . . ."

The quoted findings of fact and conclusions of law were made initially by the Hearing Commissioner. Upon defendants' appeal from the award based thereon, these findings of fact were adopted by the

Full Commission; and the Full Commission adopted the Hearing Commissioner's conclusions of law. Thereupon, the Full Commission awarded compensation to plaintiffs.

Defendants excepted to the judgment affirming said award and appealed.

*John W. Graham for plaintiffs, appellees.*

*Teague, Johnson & Patterson for defendants, appellants.*

BOBBITT, J. The findings of fact, amply supported by competent evidence, establish, *inter alia,* that the deceased was an employee. Defendants' contention that this thirteen year old boy was an independent contractor in respect of the farm chores assigned to him when fatally injured is without merit. It is clear that the employer had the right to direct him in his work and to discharge him with or without cause. It is unnecessary to restate the factors that distinguish an independent contractor from an employee. *McCraw v. Mills, Inc.,* 233 N.C. 524, 64 S.E. 2d 658, and cases cited.

Defendants' primary position is that, upon said findings of fact, the court was in error in its conclusion that the employee's death was by accident arising out of and in the course of his employment.

Whether an injury by accident arises out of and in the course of the employment is a mixed question of law and of fact. *Horn v. Furniture Co.,* 245 N.C. 173, 176, 95 S.E. 2d 521, and cases cited.

Decision on this appeal turns on whether the specific findings of fact, considered in the light most favorable to plaintiffs, afford a sufficient factual basis for the determination that the employee's death was by accident arising out of and in the course of his employment. *Guest v. Iron & Metal Co.,* 241 N.C. 448, 85 S.E. 2d 596.

The basic rule is that the words "out of" refer to the origin or cause of the accident, and that the words "in the course of" refer to the time, place and circumstances under which it occurred. *Conrad v. Foundry Co.,* 198 N.C. 723, 153 S.E. 266; *Alford v. Chevrolet Co.,* 246 N.C. 214, 217, 97 S.E. 2d 869.

The question presented is one of first impression in this jurisdiction. Here the farm employee, who lived on the farm, sustained an injury by accident when returning from the barn, to which he had gone to feed the livestock, to the area of the house in which he lived.

An injury does not arise out of and in the course of the employment unless it is fairly traceable to the employment as a contributing proximate cause. Hence, injury by accident is not compensable if it results from a hazard to which the public generally is subject. *Walker v. Wilkins, Inc.,* 212 N.C. 627, 194 S.E. 89; *Marsh v. Bennett College,* 212

N.C. 662, 194 S.E. 303, tornado cases; *Plemmons v. White's Service, Inc.*, 213 N.C. 148, 195 S.E. 370, mad dog case.

In early cases in other jurisdictions, compensation was generally denied where the injury occurred upon a public street or highway on the ground that the hazard to which the employee was exposed was not peculiar to the employment but a risk common to all persons using the public street or highway. Annotation: 51 A.L.R. 509. In later decisions, injury on a public street or highway is generally held compensable if at the time the employee is acting in the course of his employment. Annotation: 80 A.L.R. 126, and supplemental decisions; 58 Am. Jur., Workmen's Compensation sec. 226.

It is established in this jurisdiction that an injury caused by a highway accident is compensable if the employee at the time of the accident is acting in the course of his employment and in the performance of some duty incident thereto. *Massey v. Board of Education*, 204 N.C. 193, 167 S.E. 695; *Davis v. Mecklenburg County*, 214 N.C. 469, 199 S.E. 604; *Hinkle v. Lexington*, 239 N.C. 105, 79 S.E. 2d 220; *Guest v. Iron & Metal Co., supra.*

Ordinarily, the rule is that an injury by accident is not compensable if sustained by the employee while on his way to or returning from the premises where the work of his employment is performed. *Hunt v. State*, 201 N.C. 707, 161 S.E. 203; *Bray v. Weatherly & Co.*, 203 N.C. 160, 165 S.E. 332; *Lassiter v. Telephone Co.*, 215 N.C. 227, 1 S.E. 2d 542; *McKenzie v. Gastonia*, 222 N.C. 328, 23 S.E. 2d 712; *Bryan v. T. A. Loving Co.*, 222 N.C. 724, 24 S.E. 2d 751. Such an injury is compensable when it is established that the employer, as an incident of the contract of employment, provides the means of transportation to and from the place where the work of the employment is performed. *Dependents of Phifer v. Dairy*, 200 N.C. 65, 156 S.E. 147; *Edwards v. Loving Co.*, 203 N.C. 189, 165 S.E. 356; *Smith v. Gastonia*, 216 N.C. 517, 5 S.E. 2d 540.

The crucial question posed for decision on this appeal is this: Was the employee acting in the course of his employment and in the performance of some duty incident thereto during the period while walking between the area of the house where he lived and the barn where he fed the livestock? In our view, under the circumstances here presented, this question must be answered in the affirmative.

The Act "should be liberally construed to the end that the benefits thereof should not be denied upon technical, narrow and strict interpretation," *Johnson v. Hosiery Co.*, 199 N.C. 38, 153 S.E. 591; but "the rule of liberal construction cannot be employed to attribute to a provision of the act a meaning foreign to the plain and unmistakable words in which it is couched." *Henry v. Leather Co.*, 231 N.C. 477, 57 S.E. 2d 760.

Deceased lived with his parents, two brothers and a sister. The father did no farm work. His work was elsewhere. He testified: "I rented the house from Claud Small, Jr. I did not pay him rent, my folks worked with them." It seems clear that occupancy of this house by the Hardy family was permitted by the operator of the farm so that the wife and children would be available for farm labor as the need therefor arose.

Deceased was employed to help with the crops when his services were needed and when he (out of school) was available for the work. It would seem unrealistic and unduly restrictive to say that deceased would be in the course of his employment while in a particular field where he was directed to perform labor on a particular day but not while going back and forth across the farm between the area of the house and such field.

The feeding of the livestock was just as much a part of the operation of the farm as tending the crops. In respect of the particular work he was employed and directed to do when fatally injured, the circumstances impel the conclusion that the real nature of his employment was to go to the barn and feed the livestock. The feeding of the livestock being a part of the operation of the farm as a whole, the trip (across the farm) between the area of the house and the barn may reasonably be considered within the terms of his employment. So considered, the period of his employment commenced when he left the area of his house for the barn; and, in the absence of evidence of deviation, terminated upon his return from the barn to the area of the house. The fact that he was injured while in such employment and on a mission for his employer affords sufficient factual basis for the determination that his injury arose out of and in the course of his employment.

It is noteworthy that the public highway was neither necessary nor used as a means of access to the barn, i.e., in the sense of travel *along* the highway. The fact that he had to *cross* the highway on his way to and from the barn constituted an additional hazard of his employment; for if the house and barn had not been separated by the public highway, means of access between the area of the house and the barn would have been equally available and safer.

Affirmed.