JOHNNY ENROUGHTY, EMPLOYEE, PLAINTIFF v. BLACK INDUSTRIES,
INC., EMPLOYER, HARTFORD ACCIDENT & INDEMNITY COM-
PANY, CARRIER, DEFENDANTS

No. 717IC708

(Filed 12 January 1972)

1. Master and Servant § 55— workmen's compensation — definitions of
"out of" and "in the course of"
      As used in the Workmen's Compensation Act, the words "out of"
refer to the origin or cause of the accident, and the words "in the
course of" refer to the time, place and circumstances under which
it occurred.

2. Master and Servant § 55— workmen's compensation
      Whether an injury arises out of or in the course of the employ-
ment is a mixed question of law and fact.

3. Master and Servant § 97— workmen's compensation — findings of
fact — appellate review
      The appellate court is bound by the nonjurisdictional findings of
fact of the Industrial Commission, if there is competent evidence to
support such findings, but is not bound by its conclusions of law.

4. **Master and Servant § 62— workmen's compensation — injuries on way to and from lunch**

> The rule that traveling to and from work on a conveyance furnished by the employer is in the course of employment is applicable to trips to and from lunch.

5. **Master and Servant § 62— workmen's compensation — injury on way to lunch**

> In this workmen's compensation proceeding, plaintiff's evidence was sufficient to support the Industrial Commission's determination that injuries sustained by plaintiff in a collision while riding to lunch on a truck owned by the telephone company for which defendant employer was installing underground cables and driven by the telephone company's inspector occurred by accident arising out of and in the course of his employment, where it tended to show that defendant employer furnished its employees, including plaintiff, transportation to and from the work site and to and from lunch, and that transportation on the telephone company's truck had by custom become available to defendant's employees as an alternate means of transportation when their work site was being visited by the telephone company's inspector.

APPEAL by defendants from an opinion and award of the North Carolina Industrial Commission rendered on 20 May 1971.

The plaintiff offered evidence which tended to show that he was a member of a "plow crew" employed by the defendant Black Industries, Inc. (Black). This crew was engaged in burying cable for the Carolina Telephone Company (Carolina) at often isolated rural sites within a radius of 30 miles from Rocky Mount, North Carolina. It was customary for the members of the plow crew to meet in the morning at a service station in Rocky Mount where they would be picked up by their foreman (a Mr. Starling in the present case) and transported to the work site in a Black company vehicle and then returned after the day's work. The evidence indicates that this vehicle was equipped to carry several passengers.

Working at isolated sites along the highway, the men were permitted to bring their lunches from home or they frequently would ride with the foreman in the company truck to a nearby country store or cafe for lunch. If some of the men preferred to go to a nearby country store and others wished to go to a cafe, Black's truck was usually used to go to the country store and the others would ride in Carolina's truck with Mr. Sparks, Carolina's field inspector on the job, if he were present. The evidence indicates that either of these alternatives was "customary."

On the day the accident occurred, 3 June 1969, the field inspector from Carolina, Mr. Sparks, was visiting the job site about three miles north of Nashville, North Carolina. The evidence indicates that when Mr. Sparks was at the job site at lunchtime, he frequently would invite the foreman and other members of the crew to accompany him to lunch, and this is what happened on the day in question. Black's foreman would designate the length of the lunch period, and it varied from time to time; but on 3 June 1969, the foreman specified that they were to take an hour for lunch. The plaintiff Enroughty was one of the members of the crew who chose to accompany the foreman and Mr. Sparks, in a *Carolina* truck (evidently an ordinary pick-up truck) into Nashville. Some other members of the crew took the *Black* truck and initially went to a country store for lunch. Enroughty and another Black employee, Milton Joyner, apparently were riding in the bed of the Carolina pick-up truck, which was not equipped to carry passengers except the one or two who could be accommodated in its front seat.

In or entering Nashville, the Carolina truck was involved in a collision with another vehicle, and Joyner and Enroughty were thrown from the truck. Enroughty suffered extensive head injuries which required prolonged medical attention. The driver of the other vehicle, Odell Parker Thomas, subsequently entered into an approved consent judgment and paid to the present plaintiff $11,500. The parties to the present suit have stipulated that this amount shall be credited, after payment of attorney and medical fees, to the present defendants, should Black be found to be liable.

On appeal, the North Carolina Industrial Commission (Commission) adopted as its own the findings of fact, conclusions of law, and award previously made and filed in the case by Deputy Commissioner W. C. Delbridge. The pertinent findings of fact are as follows:

"1. Plaintiff is a white male, age 60, and was on June 3, 1969, and prior thereto, employed with the defendant employer as a flagman and general laborer. The plaintiff lives on his farm and has farmed most of his life.

2. The defendant employer does work for the Carolina Telephone Company. They dig ditches along the roadway and install telephone cables etc. Plaintiff was a member of

the plow crew. Mr. Starling was the plaintiff's foreman. On June 3, 1969, the defendant employer was doing work for the Carolina Telephone Company and its employees were working about three miles north of Nashville installing underground telephone cables. The plaintiff was flagging traffic.

3. Around 12:00 noon on June 3, 1969, the plaintiff's foreman, Mr. Starling, told the employees of the defendant employer to knock off work and go to lunch. Mr. Sparks, a checker and employee of the Carolina Telephone Company, who was on the job to check the work progress asked Mr. Starling to go with him to lunch at a restaurant in Nashville, North Carolina. Mr. Starling informed his men that there was a country store nearby and they could take the company truck and go there for lunch if they wanted to. He also asked the plaintiff and Mr. Joyner, another employee of the defendant employer, if they wanted to go to the country store or go with him and Mr. Sparks in the Carolina Telephone pickup to Nashville and eat at the restaurant. The plaintiff and Mr. Joyner decided they would go with their foreman and Mr. Sparks to Nashville to the restaurant.

4. The plaintiff and Mr. Joyner got into the back of the Carolina Telephone pickup truck. Mr. Sparks, an employee of the Carolina Telephone Company, was driving and Mr. Starling, plaintiff's foreman, was sitting on the right front seat. As the truck driven by Mr. Sparks entered the city limits of Nashville it was struck on the right side by a third party car which ran a stop sign. Plaintiff was thrown out of the truck. His head struck the concrete sidewalk. Plaintiff received serious head injuries and was carried by ambulance to the Park View Hospital in Rocky Mount, and they immediately transferred him to Duke Hospital in Durham.

5. The defendant employer furnished transportation to its employees going to and from work. It also furnished transportation to its employees on Mr. Starling's work crew going to and from lunch. The crew plaintiff was working with were working in a rural area and they used the defendant employer's truck to go to and from lunch. Some of the defendant's employees went to the country store for

lunch, but upon arriving they found the food inadequate and they started to Nashville in the defendant employer's pickup truck, following the pickup of the Carolina Telephone Company in which the plaintiff was riding.

6. Sometimes some of the employees of the defendant employer would carry their own lunch, but most of the time the employees would ride to lunch in the defendant employer's pickup truck. The defendant employer furnished the plaintiff transportation to and from lunch and the plaintiff at the time in question was under the control and supervision of his foreman.

*        *        *

10. Plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant employer on June 3, 1969."

Based on these findings, the Deputy Commissioner and the Commission concluded that the plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant employer on 3 June 1969 and awarded compensation as provided in the Act.

*Battle, Winslow, Scott & Wiley, P.A., by Samuel S. Woodley and Robert L. Spencer for plaintiff appellee.*

*Teague, Johnson, Patterson, Dilthey & Clay by I. Edward Johnson for defendant appellants.*

MALLARD, Chief Judge.

The decisive question presented on this appeal is whether the evidence is sufficient to support the finding of fact numbered ten that plaintiff was injured by accident arising out of and in the course of his employment. We hold that the evidence was sufficient to support this finding of fact, the conclusion of law that the plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant employer, and the award entered in this case.

[1]    "The basic rule is that the words 'out of' refer to the origin or cause of the accident, and that the words 'in the course of' refer to the time, place and circumstances under which it occurred." *Hardy v. Small*, 246 N.C. 581, 99 S.E. 2d 862 (1957). See also *Harless v. Flynn*, 1 N.C. App. 448, 162 S.E. 2d 47 (1968).

[2, 3]  Whether an injury by accident arises out of or in the course of the employment is a mixed question of law and fact. *Allred v. Allred-Gardner, Inc.*, 253 N.C. 554, 117 S.E. 2d 476 (1960). This court is bound by the nonjurisdictional findings of fact of the Commission, if there is competent evidence to support such findings, but is not bound by its conclusions of law. *Priddy v. Cab Co.*, 9 N.C. App. 291, 176 S.E. 2d 26 (1970).

[4]  The rule that traveling to and from work on a conveyance furnished by the employer is in the course of employment is applicable to trips to and from lunch. 1 Larson, Workmen's Compensation Law, § 15.52. See also *Martin v. Georgia-Pacific Corp.*, 5 N.C. App. 37, 167 S.E. 2d 790 (1969).

"Injuries sustained by an employee while being transported to or from work in a conveyance furnished by his employer pursuant to an express or *implied* term of the contract of employment are compensable." (Emphasis added.) 99 C.J.S., Workmen's Compensation, § 235, p. 840. See also *Mion v. Marble & Tile Co., Inc.*, 217 N.C. 743, 9 S. E. 2d 501 (1940).

Black had a contract with Carolina to do the work in which the plaintiff was engaged. Black furnished its plow crew the means of transportation to and from the work site because their work was not at a fixed place. *Whittington v. Schnierson & Sons*, 255 N.C. 724, 122 S.E. 2d 724 (1961). It was customary for the foreman to fix the length of time for lunch and to designate where Black's truck was to take them during lunch hour, usually to a country store or a cafe chosen by the employees. It was also customary for those who did not wish to ride on Black's truck to lunch either to remain at the site of the job or to ride on Carolina's truck with Black's foreman and Carolina's inspector. On the date in question, Carolina's inspector invited Black's foreman to ride with him, and Black's foreman invited plaintiff to accompany them. If this alternate means of transportation (on Carolina's truck) was furnished by Black, the employer, then Black is liable.

[5]  We hold that the evidence in this case was sufficient for the Commission to find that the transportation to lunch on the Carolina truck had become available, by custom, to Black's employees on the plow crew when the site was being visited by Carolina's inspectors (99 C.J.S., Workmen's Compensation, § 235); that the Carolina truck ride to lunch was furnished

by Black to its employees on the plow crew under the terms of the employment; and that the plaintiff became entitled to the use of the Carolina truck at the invitation of his foreman, as an alternate means of transportation provided by his employer.

We hold, therefore, that there was sufficient competent evidence before the Commission to support its findings of fact, and that its conclusions of law and award in this case were proper. See *Hardy v. Small, supra; Brewer v. Trucking Co.,* 256 N.C. 175, 123 S.E. 2d 608 (1962); *Smith v. Gastonia,* 216 N.C. 517, 5 S.E. 2d 540 (1939); *Edwards v. Loving Co.,* 203 N.C. 189, 165 S.E. 356 (1932); *Dependents of Phifer v. Dairy,* 200 N.C. 65, 156 S.E. 147 (1930); *Martin v. Georgia-Pacific Corp., supra; Williams v. Board of Education,* 1 N.C. App. 89, 160 S.E. 2d 102 (1968); 1 Larson, Workmen's Compensation Law § 25:00.

No prejudicial error is made to appear in appellant's assignments of error, and the award of compensation herein is affirmed.

Affirmed.

Judges HEDRICK and GRAHAM concur.