KARL ALLEN LUTES, EMPLOYEE v. EXPORT LEAF TOBACCO CO., EMPLOYER, LIBERTY MUTUAL INSURANCE CO., CARRIER

No. 7321IC585

(Filed 12 September 1973)

**Master and Servant § 65—hernia — no causal connection to accident**
There was competent evidence to support a determination by the Industrial Commission that, although there was an "accident" within the meaning of the Workmen's Compensation Act while plaintiff was lifting pipe because his usual work routine had been interrupted, there was no causal connection between such "accident" and plaintiff's hernia.

APPEAL by plaintiff from the decision and award of the N. C. Industrial Commission filed 10 April 1973.

This is a proceeding under the Workmen's Compensation Act.

A claim was made by Karl Allen Lutes, employee of defendant corporation, for compensation under G.S. 97-2(18) a-e for a hernia allegedly sustained while working for defendant. This case was originally heard on 14 November 1972 before Deputy Commissioner Roney who filed an Opinion and Award denying the claim. Thereafter, plaintiff appealed to the Full Commission which adopted as its own the Opinion and Award of Deputy Commissioner Roney in its entirety. Deputy Commissioner Roney made findings of fact which are summarized as follows except where quoted:

1. On 1 May 1972 plaintiff was involved in an operation which entailed the installation of 1800 feet of four-inch pipe. The pipe, which came in twenty-five foot lengths, was unloaded at the loading dock by the shipper and "transferred therefrom by forklift to an area in which claimant could weld studs thereto prior to installation."

2. While engaged in this activity it became necessary for claimant to get between the pipe and the edge of the dock and lift and slide the pipe forward a short distance because of the inability of the forklift to reach a piece of pipe on the dock. This incident occurred at about 2:30 p.m.

3. "Prior to the end of the working day claimant noticed a dull toothache like pain and some swelling in his left lower abdomen."

4. "The lifting and sliding incident described in Finding of Fact No. 2 is the occurrence that claimant maintains was the cause of the hernia. Said occurrence was not accompanied by pain."

5. On 2 May 1972 plaintiff was examined in the emergency room of Forsyth Memorial Hospital and a left side inguinal hernia was discovered by the examining physician. On 9 May 1972 claimant was admitted to Forsyth Memorial Hospital and upon this admission Lutes related a history of having gotten out of bed on 1 May 1972 to discover a toothache-like pain and swelling in his left side. On 10 May 1972, a left inguinal hernioplasty was performed on claimant.

From the foregoing findings of fact Deputy Commissioner Roney concluded among other things that:

"The circumstances of being called upon to install 1,800 feet of 25' x 4" x ⅛" pipe with studs for the first

time and of having to lift and slide a piece of this pipe because the forklift could not reach it were circumstances which constituted an interruption of claimant's usual routine of work, thereby establishing an accident. (Citation omitted.) Claimant failed to prove, however, that the occurrence of lifting and sliding, which was occasioned by having to work with the pipe and the inability of the forklift to reach the pipe, caused an injury which resulted in a hernia. (Citation omitted.)

\* \* \*

Claimant's claim must fail because there has been a failure of proof that there was an injury by accident resulting in a hernia, that there was an injury accompanied by pain, and that the hernia did not preexist the lifting and sliding of the pipe."

From the decision denying recovery plaintiff appeals.

*Billings and Graham by William T. Graham for plaintiff appellant.*

*Deal, Hutchins and Minor by Richard Tyndall and Walter W. Pitt, Jr., for defendant appellees.*

HEDRICK, Judge.

G.S. 97-2(18) a-e provides that in all claims for compensation for hernia resulting from injury by accident, the claimant must prove to the satisfaction of the Commission:

a. That there was an injury resulting in a hernia;

b. That the hernia appeared suddenly;

c. That it was accompanied by pain;

d. That the hernia immediately followed an accident;

e. That the hernia did not exist prior to the accident for which compensation is claimed.

Failure to prove the existence of any one of the five elements of G.S. 97-2(18) a-e nullifies plaintiff's claim. *Hensley v. Cooperative,* 246 N.C. 274, 98 S.E. 2d 289 (1957); *Faires v. McDevitt and Street Co.,* 251 N.C. 194, 110 S.E. 2d 898 (1959).

Plaintiff argues that since the Commission concluded that there was an accident within the meaning of the statute and

that since there was evidence the hernia appeared "suddenly" shortly thereafter, it was error for the Commission to find and conclude that the plaintiff did not suffer an injury by accident resulting in a hernia. This argument, and plaintiff's claim, must fail simply because the Commission found and concluded that there was no causal connection between the "accident" and the hernia. The findings of the Commission when supported by any competent evidence are binding on appeal. *Godwin v. Swift and Co.,* 270 N.C. 690, 155 S.E. 2d 157 (1967) ; *Enroughty v. Industries, Inc.,* 13 N.C. App. 400, 185 S.E. 2d 597 (1971), cert. denied, 280 N.C. 721, 186 S.E. 2d 923 (1972). In the present case the material findings and conclusions of the Commission are supported by plenary competent evidence.

The order appealed from is

Affirmed.

Judges CAMPBELL and VAUGHN concur.