ROGER LONG, EMPLOYEE/PLAINTIFF v. MORGANTON DYEING & FINISHING CO., EMPLOYER, AND OLD REPUBLIC INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 168PA87

(Filed 5 November 1987)

**Master and Servant § 65.1— workers' compensation—hernia—pain not required to be simultaneous**

The pain that must accompany an injury resulting in a hernia to render the injury compensable under N.C.G.S. § 97-2(18)(c) need not occur simultane-

ously with the sustaining of the injury. Therefore, plaintiff was entitled to recover compensation for a hernia resulting from an injury by accident where he experienced pain from the hernia six weeks after the date of the injury.

Justice WEBB dissenting.

Justice MEYER joins in this dissenting opinion.

ON certiorari to review the decision of a divided panel of the Court of Appeals, 84 N.C. App. 81, 351 S.E. 2d 767 (1987), affirming an opinion and award of the North Carolina Industrial Commission which denied plaintiff's claim for workers' compensation. Heard in the Supreme Court 13 October 1987.

*McMurray & McMurray, by Martha McMurray-Russ, for plaintiff-appellant.*

*Patton, Starnes, Thompson, Aycock & Teele, P.A., by Thomas M. Starnes, for defendant-appellees.*

WHICHARD, Justice.

The issue is whether the pain that must accompany an injury resulting in a hernia to render the injury compensable under N.C. G.S. § 97-2(18)(c) must occur simultaneously with the sustaining of the injury. We answer in the negative.

The Hearing Commissioner made, and the full Industrial Commission adopted, the following findings of fact:

1. On or about January 22, 1985, plaintiff, a 27 year-old single male with a high school education and service in the United States Army, had been employed as a strapper in the defendant's packing department for approximately five years. Plaintiff's duties as a strapper required that he run strapping bands around boxes containing dyed and finished cloth for shipment.

2. Plaintiff was required to lift one end of the roll of cloth to place it within the shipping box. Plaintiff was assisted in lifting these rolls of cloth from the table onto the boxes by an additional employee. Plaintiff was required to lift approximately 35 pounds in doing this job. Plaintiff had done this job for the entire time he had been employed by the defendant.

3. On January 22, 1985, plaintiff arrived at work and was instructed by his supervisor to assist other employees in lifting the rolls of cloth off of a buggy onto the table. Plaintiff was required to lean down to the buggy which was closer to the floor level than the table and lift the rolls of cloth up to the table. The rolls of cloth weighed approximately 75 to 100 pounds. Plaintiff did this all day and lifted approximately 50 rolls.

4. On the following day, January 23, 1985, plaintiff noticed a lump the size of a golf ball in his groin while in the rest room. The lump did not cause plaintiff any pain or discomfort. Plaintiff was capable of pressing the lump back into his inguinal area. Plaintiff continued to do this same lifting job for approximately two additional weeks.

5. On March 13, 1985, plaintiff went to Dr. Ralph Hogshead for examination due to the development of pain in his inguinal area. Dr. Hogshead diagnosed plaintiff as having a direct [inguinal] hernia.

6. On January 22, 1985, plaintiff's normal work routine was interrupted and plaintiff thereby sustained an injury. Plaintiff's hernia appeared the following day but was not accompanied by any pain until approximately six weeks following the date of injury.

These findings are not excepted to and thus are binding on appeal. *Pratt v. Upholstery Co.*, 252 N.C. 716, 719, 115 S.E. 2d 27, 31 (1960); *see also Mabe v. Granite Corp.*, 15 N.C. App. 253, 255, 189 S.E. 2d 804, 806 (1972). They are conclusive for the further reason that they are supported by competent evidence. *Hansel v. Sherman Textiles*, 304 N.C. 44, 49, 283 S.E. 2d 101, 104 (1981).

The Commissioner made, and the Commission adopted, the following additional "finding of fact":

7. Plaintiff has failed to prove that the hernia which he described as having occurred on January 23, 1985 and underwent surgical repair for on March 22, 1985 was accompanied by any pain.

The Commissioner then entered, and the full Commission adopted, the following conclusion of law:

> On January 22, 1985, plaintiff sustained an interruption of his normal work routine which constituted an accident. Plaintiff has failed to establish that his resulting hernia was accompanied by pain, an essential element of his burden of proof. . . . Plaintiff has therefore failed to establish a *causal connection* . . . between his injury by accident and his subsequent hernia and its repair. G.S. 97-2(18) *Lutes v. Tobacco Co.* 19 N.C. App. 380 (1973).

On the basis of the foregoing findings and conclusion, the Hearing Commissioner denied plaintiff's claim for workers' compensation. The full Commission adopted the opinion and award of the Hearing Commissioner, thus also denying compensation.

On plaintiff's appeal, the Court of Appeals affirmed. Plaintiff was entitled to appeal to this Court by virtue of Judge Johnson's dissent, N.C.G.S. § 7A-30(2), but he failed to timely perfect the appeal. On 2 June 1987 we allowed certiorari. We now reverse.

N.C.G.S. § 97-2(18) provides that in all claims for compensation for hernia resulting from an injury by accident the claimant must prove to the satisfaction of the Commission:

a. That there was an injury resulting in hernia or rupture.

b. That the hernia or rupture appeared suddenly.

c. That it was accompanied by pain.

d. That [it] immediately followed an accident.

e. That [it] did not exist prior to the accident for which compensation is claimed.

As stated by the Court of Appeals: "To recover compensation, a plaintiff must prove the existence of each of the above five elements. *Hensley v. Cooperative*, 246 N.C. 274, 98 S.E. 2d 289 (1957). The absence of any one of them will result in the denial of compensation. *Lutes v. Tobacco Co.*, 19 N.C. App. 380, 198 S.E. 2d 746 (1973)." *Long v. Morganton Dyeing & Finishing Co.*, 84 N.C. App. 81, 83, 351 S.E. 2d 767, 769 (1987).

That plaintiff has proven four of the five elements is undisputed. The element at issue is the requirement that the injury must be "accompanied by pain." N.C.G.S. § 97-2(18)(c). The Deputy Commissioner made, and the Commission adopted, a "finding"

that "[p]laintiff has failed to prove that the hernia . . . was accompanied by any pain." The Court of Appeals concluded that this "finding" was supported by competent evidence and thus was binding. *Long v. Morganton Dyeing & Finishing Co.*, 84 N.C. App. at 82-83, 351 S.E. 2d at 769. This "finding" is more properly denominated a conclusion of law, however, since it states the legal basis for denial of plaintiff's claim. *Coble v. Coble*, 300 N.C. 708, 713, 268 S.E. 2d 185, 189 (1980). "Conclusions of law, even if stated as factual conclusions, are reviewable." *Realty Co. v. Spiegel*, 246 N.C. 458, 465, 98 S.E. 2d 871, 876 (1957).

As Commissioner Clay noted in his dissent in the Industrial Commission, the conclusion denominated as finding seven is contradictory to findings five and six. The latter findings establish that plaintiff experienced pain from his hernia, albeit approximately six weeks following the date of injury. Unless N.C.G.S. § 97-2(18)(c) is interpreted to require simultaneity between the onset of the hernia and pain therefrom, findings five and six entitle plaintiff to compensation. The statute does not, in express terms, contain a simultaneity requirement. The superimposition of such a requirement by the courts would be contrary to the long-established principle that the Workers' Compensation Act "should be liberally construed to the end that the benefits thereof should not be denied upon technical, narrow and strict interpretation." *Johnson v. Hosiery Company*, 199 N.C. 38, 40, 153 S.E. 591, 593 (1930). We thus conclude that plaintiff has met the requirements of N.C.G.S. § 97-18(2)(c) and is entitled to compensation.

Recently ratified legislation further informs our interpretation of the provision before us. Effective 5 August 1987, the General Assembly has removed the requirement that a hernia must be accompanied by pain to be compensable. 1987 N.C. Sess. Laws ch. 729. While the amendment does not apply here, we believe it reflects both a response to medical evidence that hernias are not universally accompanied by pain[1] and an indication by the legislature that it never intended that the "accompanied by pain" provision of N.C.G.S. § 97-2(18)(c) be interpreted to deny compensation to workers such as plaintiff here who, without question,

---

1. There was medical testimony here that "some people have pain with hernias and some don't, some of them don't notice it, doesn't bother them . . . ."

have sustained injuries "by accident arising out of and in the course of the employment." N.C.G.S. § 97-2(6).

Accordingly, the decision of the Court of Appeals is reversed. The case is remanded to that court for further remand to the Industrial Commission for entry of an award to plaintiff.

Reversed and remanded.

Justice WEBB dissenting.

I dissent. I believe the majority has rewritten the statute in order to provide a recovery for the plaintiff. I believe the only way to read N.C.G.S. § 97-2(18) properly is that "accompanied by pain" means that when the hernia or rupture appears suddenly there is pain. I vote to affirm the Court of Appeals.

Justice MEYER joins in this dissenting opinion.