The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Ford and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except for minor modifications.
* * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On May 6, 1992, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
2. On said date the employer-employee relationship existed between the parties.
3. As of said date PMA Group provided the coverage to the employer as provided under said Act.
4. The alleged injury giving rise to plaintiff's claim occurred on May 6, 1992.
5. On said date plaintiff was earning an average weekly wage of $404.78.
6. The issues to be determined in this case are:
 a. Did the plaintiff sustain a right inguinal hernia in the course and scope of his employment with the defendant-employer as the result of a traumatic incident of the work to which he was assigned on May 6, 1992 as defined under the provision of the North Carolina Workers' Compensation Act; and,
 b. If so, to what compensation is the plaintiff entitled under the said Act.
7. The parties stipulate that the plaintiff was out of work from January 6, 1993 through February 12, 1993.
8. The plaintiff began working for the defendant-employer on April 14, 1992.
9. The parties further stipulate into evidence a written agreement of stipulated material.
At the hearing on August 2, 1994, the parties introduced Exhibits A through E as stipulated documentation.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner, with minor modifications, and finds as follows:
FINDINGS OF FACT
1. On May 6, 1992, plaintiff, a hypertension sufferer who was born August 22, 1954, had been employed by the defendant-employer as an electrician since April 14, 1992.
2. Because of the hypertension from which plaintiff suffered, he had regularly scheduled bi-annual medical appointments.
3. In December of 1991 plaintiff was examined by his physician and no right inguinal hernia was found. At the appointment in June of 1992 no examination was performed that would have discovered the existence of a hernia.
4. Following the discovery of the right inguinal hernia by his physician on December 4, 1992, plaintiff was scheduled for surgery to repair the hernia and did, in fact, undergo the necessary surgery on January 15, 1993.
5. On May 6, 1992 while performing the duties of his employment and while handling some heavy conduit pipe, plaintiff experienced a twinge in his groin area.
6. Subsequent to May 6, 1992, plaintiff did not report any incident to defendants, and it was not until December 21, 1992 when the surgery was scheduled that he reported to defendants that he was suffering from a right inguinal hernia for which he was undergoing surgery for its repair.
7. On December 30, 1992, plaintiff stated to a representative of defendants that the hernia had gradually developed beginning in October or November of 1992.
8. Plaintiff lost time from work as a result of the surgery to repair the right inguinal hernia from January 6, 1993 to February 12, 1993.
9. Plaintiff was earning an average weekly wage of $404.78 on May 6, 1992.
10. There is insufficient evidence of record from which to prove by its greater weight that plaintiff's right inguinal hernia appeared suddenly, that it was accompanied by pain, and that it immediately followed an accident or specific traumatic incident of the work assigned.
* * * * * * * * * * *
Based on the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. In order to be compensated for a hernia, plaintiff must prove that (a) there was an injury resulting in a hernia or rupture, (b) that the hernia or rupture appeared suddenly, (c) that it was accompanied by pain, (d) that the hernia or rupture immediately followed an accident, and (e) that the hernia or rupture did not exist prior to the accident for which compensation is claimed. N.C. Gen. Stat. 97-2(18); Long v.Morganton Dyeing Finishing Co., 321 N.C. 82, 361 S.E.2d 575
(1987).
2. The hernia for which plaintiff is claiming compensation was not due to an injury by accident arising out of and in the course of his employment or as the result of a specific traumatic incident of the work assigned, in that plaintiff failed to prove that the hernia appeared suddenly, that it was accompanied by pain, and that the hernia immediately followed an accident. N.C. Gen. Stat. 97-2(18).
3. Plaintiff is, therefore, not entitled to benefits pursuant to the provisions of the North Carolina Workers' Compensation Act. Id.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
ORDER
1. Under the law, plaintiff's claim for compensation must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
 S/ _________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ______________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ______________________ J. RANDOLPH WARD COMMISSIONER
LKM/bjp