The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Edward Garner, Jr. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except with modification of Finding of Fact 7, 8, Conclusion of Law #4 and 6 and Award #1.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The Employer-Employee relationship existed between the Plaintiff and the Defendant-Employer.
3. The Defendant-Employer is self-insured.
4. On 7 June 1996, Plaintiff was employed by Defendant-Employer as a rough saw operator at a sawmill.
5. Plaintiff's average weekly wage at the time of his injury was $524.53, which yields a compensation rate of $349.34.
6. The parties have stipulated into evidence an indexed packet of medical records consisting of the following medical care providers' records: 1) Dr. Ron Glinski (11 pages) and 2) Dr. B. U. Changappa (13 pages).
7. The issues to be determined by the Commission are: a) whether Plaintiff's right inguinal hernia is a compensable work related injury incurred in the course and scope of Plaintiff's employment on 7 June 1996; b) whether Plaintiff's left inguinal hernia is a compensable work-related injury incurred in the course and scope of Plaintiff's employment on 7 June 1996; and c) what benefits, if any, is Plaintiff entitled to receive?
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. At the time of hearing, Plaintiff was a 40 year old male employed by Georgia-Pacific Corporation as a rough saw operator. On 7 June 1996, Plaintiff was employed by Defendant-Employer and was at work in his capacity as a rough saw operator.
2. On 7 June 1996, as Plaintiff adjusted a portion of the saw machinery used in his work, Plaintiff felt a pulling sensation in his right groin. Plaintiff complained of pain and swelling in his right groin area to his employer.
3. On 11 June 1996, after continued complaints of right side pain, Plaintiff was seen by Dr. B. U. Changappa, and upon examination, Dr. Changappa diagnosed a large right symptomatic inguinal hernia, and a small left inguinal hernia that was asymptomatic. Also, a small epidermal mass was found on Plaintiff's right testis.
4. Dr. Changappa referred Plaintiff to Dr. Glinski for examination and treatment of the epidermal mass. Dr. Glinski diagnosed a epididymal cyst involving the head of the right epididymis that was not symptomatic. Dr. Glinski successfully treated Plaintiff's cyst conservatively with antibiotics, and referred Plaintiff back to Dr. Changappa for treatment of the bilateral hernias.
5. Dr. Glinski had previously treated Plaintiff in March of 1994, and at that time had diagnosed Plaintiff as having a large right inguinal hernia, which was asymptomatic. Plaintiff did not receive treatment or repair of the large right inguinal hernia at that time. Plaintiff's right hernia was not repaired prior to 7 June 1996 since it was causing Plaintiff no problems.
6. On 21 August 1996, Dr. Changappa surgically repaired both hernias. Plaintiff was out of work due to post-surgery recuperation from 21 August 1996, until 17 October 1996. Plaintiff was released to return to work without restrictions and with no permanent partial disability rating on 17 October 1996.
7. Plaintiff's left side inguinal hernia was never symptomatic. Plaintiff did not know he had a left side inguinal hernia until he sought treatment for the right side hernia. Plaintiff had a pre-existing left side inguinal hernia on 7 June 1996. The left side inguinal hernia did not appear suddenly nor was it a result or arise out of the course and scope of Plaintiff's employment.
8. Plaintiff's right side inguinal hernia was pre-existing prior to the incident of 7 June 1996. There is no medical evidence of record to relate plaintiff's right side inguinal hernia to his employment. Plaintiff's right side hernia did not arise out of and in the course of his employment.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The person claiming the benefit of compensation has the burden of proving that the injury complained of resulted from an accident arising out of and in the course of the employment.Henry v. A.C. Lawrence Leather Company, 231 N.C. 477,57 S.E.2d 760 (1950).
2. To establish a prima facie case for compensation for a hernia under the Workers' Compensation Act, Plaintiff must definitely prove that an injury resulting in hernia or rupture, appeared suddenly, immediately following a work-related accident. However, a hernia shall be compensable if it arises out of and in the course of the employment and is the direct result of a specific traumatic incident, which did not exist prior to the accident for which compensation is claimed. N.C.G.S. § 97-2(18).
3. It is essential that the Plaintiff prove all of the elements required under N.C.G.S. § 97-2(18), and the failure to prove the existence of any one of those elements will nullify the claim. Long v. Morganton Dyeing and Finishing Company, 321 N.C. 82,361 S.E.2d 575 (1987).
4. Plaintiff did not prove by the greater weight of the evidence that on 7 June 1996, that the right hernia appeared suddenly nor arose out of and in the course of his employment.
5. Plaintiff did not prove by the greater weight of the evidence that on 7 June 1996, he sustained an injury resulting in a left side inguinal hernia.
6. Plaintiff's claim for a right side inguinal hernia, therefore, is not compensable under the provisions of the North Carolina Workers' Compensation Act. N.C.G.S. § 97-2(18).
7. Plaintiff's claim for a left side inguinal hernia is not
compensable under the provisions of the North Carolina Workers' Compensation Act. N.C.G.S. § 97-2(18).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for the right side inguinal hernia is hereby DENIED.
2. Plaintiff's claim for a left side inguinal hernia is hereby DENIED.
3. Defendant shall pay the costs due the Commission.
This the ___ day of July 1998.
 S/ ________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/ ______________________ RENÉE C. RIGGSBEE COMMISSIONER