The North Carolina General Assembly has provided the Industrial Commission with a set of criteria in assessing compensation claims for hernia resulting from inury by accident arising out of and in the course of employment. N.C. Gen. Stat. § 97-2(18). Such claims must prove that: (1) there was an injury resulting in hernia; (2) the hernia appeared suddenly; (3) the hernia immediately followed an accident (or arises out of and in the course of employment and is the direct result of a specific traumatic incident of the work assigned); and (4) the hernia did not exist prior to the accident for which compensation is claimed.Id. In this case before the Full Commission, the plaintiff has met each element of proof with competent evidence of record; however, the majority has erred in failing to award compensation to the plaintiff for a hernia sustained immediately following an accident.
The plaintiff testified that on February 17, 1999, while working as an edge plugger for employer-defendant Columbia Carolina, he was asked to empty the trash. (T pp 5, 7, 8) While using a dolly to push the fifty-five gallon trash barrel to the dumpster, the dolly was struck by a tow motor that rammed the handle of the dolly into Plaintiff's left groin. (T pp 8, 9). This event is corroborated by two consistent accident reports. The accident caused him to suffer back and neck pain and a burning sensation in his left groin and right leg. (T p 9). Plaintiff reported the accident to his supervisor and was taken to the plant physician, Dr. Turnbull, the following day. (T p 86). The plaintiff's chief complaint at that time was back and right leg pain; however, he did report to Dr. Turnbull that he was having groin pain as well. (T p. 34). On February 22, 1999, Nadine Poarch, the plant nurse, filled out a Form 19 upon which she noted that in addition to back injury, the Plaintiff had a "possible hernia." (T pp 104, 105). Indeed, the plaintiff was suffering from a left inguinal hernia, which was diagnosed by Dr. Turnbull on February 23, 1999. In his deposition, Dr. Turnbull stated that the tow motor hitting the trash barrel could have caused the plaintiff's injury and that inguinal hernias are indeed attributable to such trauma. (Turnbull Dep. p 7).
Based upon the above evidence of record, the plaintiff has stated a sufficient claim for a compensable hernia per N.C. Gen. Stat. §97-2(18) criteria: (1) a tow motor rammed the handle of a dolly into the plaintiff's groin, resulting in a left inguinal hernia; (2) the hernia appeared suddenly; (3) the hernia immediately followed the accident; and (4) there is no evidence that the hernia existed prior to the accident. However, the majority has seen to overlook the preponderance of evidence favoring the plaintiff's claim in favor of the defendant's speculative theory that the plaintiff's hernia resulted from a prior incident — a theory that is mere conjecture at best. Relying on knowledge that the plaintiff was operating a small-scale, at-home auto repair business, the majority has entered a finding of fact, and resulting conclusion of law, that the plaintiff's hernia was more likely the result of a transmission repair that the plaintiff performed around the time of his injury; or, in the alternative, that the hernia was caused by a bout of coughing. Although there is competent evidence (including a physician's testimony) that the accident in question caused the plaintiff to sustain a hernia injury, the majority has backed opposing causation theories that are in no way supported by competent, credible evidence.
Pursuant to N.C. Gen. Stat. § 97-85, the powers granted the Industrial Commission to review award of workers' compensation and to receive additional evidence are plenary powers to be exercised in sound discretion of the Commission. Keel v. HV Inc., 107 N.C. App. 536, 542
(1992). The majority has failed to use sound discretion by failing to require additional evidence to support its findings of fact and conclusions of law that are not otherwise supported by competent evidence, specifically as to the issue of causation.
Additionally, the majority, in its conclusions of law, found that the plaintiff failed to satisfy his burden of proving that his hernia immediately followed, or was otherwise caused by the February 17, 1999, incident and failed to prove the hernia appeared suddenly, as required by N.C. Gen. Stat. § 97-2(18). The majority appears to take issue with the fact that despite immediate reports of groin pain following the accident at issue, the plaintiff was not aware he had a hernia until he was diagnosed by Dr. Turnbull five days later. However, due to the nature of hernias, the courts do not require a plaintiff to be aware of the hernia prior to diagnosis by a physician. In Long v. MorgantonDyeing Finishing Co., 361 S.E.2d 575, the North Carolina Supreme Court ruled a hernia injury to be compensable when the hernia was not discovered until six weeks following the date of the injury. Id. at 578. The Court ruled that a since-repealed pain requirement in N.C. Gen. Stat. § 97-2(18) did not require simultaneity between the onset of the hernia and the pain therefrom. Id. (referencing N.C. §97-2(18)(c), repealed by Session Laws 1987, Ch. 729, § 2). Comparatively, the current statute does not require an immediate diagnosis by a physician upon the appearance of the hernia, which is reflected in the Long Court's ruling. As the Court stated in Long, this type of requirement by the courts would be contrary to the long-established principle that the Workers' Compensation Act `should be liberally construed to the end that the benefits thereof should not be denied upon technical, narrow and strict interpretation.'" Id. (citingJohnson v. Hosiery Co., 199 N.C. 38 (1930).
For these reasons, the majority has committed error in failing to find that the plaintiff has made a sufficient claim for a compensable hernia per N.C. Gen. Stat. § 97-2(18), and I must respectfully dissent from the majority Opinion and Award.
This 26th day of September 2002.
 S/_____________ THOMAS J. BOLCH COMMISSIONER